# IN THE SUPREME COURT, STATE OF WYOMING

## 2016 WY 110

OCTOBER TERM, A.D. 2016

_November 22, 2016_

ZECHARIAH JAY JONES,

**Appellant**
**(Defendant),**

**v.**

S-16-0005

THE STATE OF WYOMING,

**Appellee**
**(Plaintiff).**

*Appeal from the District Court of Natrona County*
*The Honorable Daniel L. Forgey, Judge*

*Representing Appellant:*
   Office of the State Public Defender:  Diane Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel; Eric M. Alden, Senior Assistant Public Defender.  Argument by Mr. Alden.

*Representing Appellee:*
   Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Christyne M. Martens, Senior Assistant Attorney General; Caitlin F. Young, Assistant Attorney General.  Argument by Ms. Young.

*Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third.  Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**DAVIS**, Justice.

[¶1]    Zechariah Jones was convicted and sentenced consecutively for attempted second-degree murder and aggravated assault and battery.  On appeal he raises two constitutional questions relating to those sentences.  We affirm.

## ISSUES

[¶2]    We restate the issues as follows:

        1.  Is cumulative punishment for attempted second-degree murder and aggravated assault and battery, as defined under Wyo. Stat. Ann. § 6-2-502(a)(ii),[1] barred by that aspect of the double jeopardy clauses of the state and federal constitutions which protects against multiple punishments for a single offense?

        2.   If those crimes share the same elements, does that fact render them unconstitutionally vague?

## FACTS

[¶3]    During the summer of 2014, Zachary Albrecht attempted to get his significant other[2] to spice up their love life by having sex with another man.  Using her Facebook account, he contacted Jones and tried to persuade him to visit her when he was not home.  Thereafter, the woman and Jones communicated regularly via Facebook, but she repeatedly told him she had no interest in a sexual liaison.

[¶4]    On August 24, 2014, Albrecht came home to find his significant other extremely upset and speaking with Jones on her cell phone.  Jones told her Albrecht was pursuing a tryst with a woman who lived in another town, and sent her what he claimed were texts to that effect from the other woman.  The two argued briefly about those accusations until Albrecht took the phone from her to confront Jones.  Their conversation became heated, and Albrecht told Jones he would "kick his ass" if they ever ran into one another.  Sometime after 4:00 p.m., Albrecht took his significant other's phone and drove off, leaving her at home with her children.  The two men had agreed to meet at Riverview Park on the north side of Casper to fight.

[¶5]    At approximately 6:00, Jones arrived at the park in a blue Ford Taurus borrowed from a female friend.  Albrecht also arrived and walked toward Jones, who by this time had exited his vehicle and stood by the door with his hands in his pockets.  According to

---

[1] That provision proscribes "[a]ttempt[ing] to cause, or intentionally or knowingly caus[ing] bodily injury to another with a deadly weapon[.]"  Wyo. Stat. Ann. § 6-2-502(a)(ii) (LexisNexis 2015).
[2] Although they were not married, they often referred to themselves as husband and wife.

1

Albrecht and two witnesses who were nearby, the men exchanged words, Jones extended his arm toward Albrecht, and they heard a "pop" as Jones shot him in the upper left portion of the abdomen with a small 22 caliber semi-automatic pistol. Jones then drove off. The two witnesses did not see anyone with him in the blue Taurus.

[¶6] Both witnesses called 911 and later gave a physical description of Jones, as well as the license plate number on the Taurus. Albrecht identified him by name. The male witness showed investigators where Jones had been standing when he fired the pistol, and they found a spent .22 shell casing nearby.

[¶7] That evening, a surgeon discovered that the bullet had penetrated a portion of Albrecht's liver and stomach and lodged under the skin on the left side of his back. He was hospitalized for several days before being released, and he eventually had to return on September 10, 2014, for a second surgery to remove fluid accumulations, treat infections, and address other complications from the bullet's passage through his upper abdomen and lower chest.

[¶8] Casper police apprehended Jones late in the afternoon of August 25, 2014, and the following day he was charged with attempted second-degree murder and aggravated assault and battery. The Information also charged that Jones had three prior felony convictions, and thus qualified as an habitual criminal under Wyo. Stat. Ann. § 6-10-201 as to both counts.[3] The weapon used in the shooting was never recovered.

[¶9] Following a four-day trial in mid-April of 2015, a jury found Jones guilty of both charged crimes.[4] The district court sentenced him to a prison term of forty to fifty years

---

[3] That statute provides as follows:

> (a) A person is an habitual criminal if:
>     (i) He is convicted of a violent felony; and
>     (ii) He has been convicted of a felony on two (2) or more previous charges separately brought and tried which arose out of separate occurrences in this state or elsewhere.
>
> (b) An habitual criminal shall be punished by imprisonment for:
>     (i) Not less than ten (10) years nor more than fifty (50) years, if he has two (2) previous convictions;
>     (ii) Life, if he has three (3) or more previous convictions for offenses committed after the person reached the age of eighteen (18) years of age.

Wyo. Stat. Ann. § 6-10-201 (LexisNexis 2015).

[4] The district court planned to require the jury to determine whether Jones had prior felony convictions after it returned its verdict on the base charges, probably to avoid complications under *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000). Jones waived this phase of the trial and conceded that the State could prove two prior felonies, rather than three, after it made an

for the attempted murder, and to a term of fifteen to fifty years for the aggravated assault and battery.[5] He timely perfected this appeal.

## DISCUSSION

### Double Jeopardy

[¶10] Jones argues that sentencing him for both attempted murder and assault and battery violates the double jeopardy clauses of the state and federal constitutions, and in particular, the bar against punishing a defendant more than once for what, in effect, is a single offense set out in two statutes.[6] Whether the separate provisions describe the "same offense" is a question of legislative intent which this Court reviews *de novo*. *Sweets v. State*, 2013 WY 98, ¶¶ 19, 21, 307 P.3d 860, 867 (Wyo. 2013).

[¶11] If the legislature intended that a defendant's conduct be separately or cumulatively punished under separate statutory crimes, imposing sentences for each does not violate the "double punishment" aspect of the double jeopardy protections. On the other hand, if the legislature intended that the two crimes be viewed as the "same offense," or if one is a lesser included offense of the greater, cumulative punishment is prohibited. Absent an explicit statutory declaration either permitting or prohibiting cumulative punishment for two crimes, we discern legislative intent in this context by application of the "same elements" test set out in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed 306 (1932). *Sweets*, ¶¶ 21-24. 307 P.3d at 867-68.

[¶12] With respect to any given statute, we look only to the language used by the legislature to describe the elements which must be proven to bring a particular defendant's specific conduct within the reach of the statute. We do not concern ourselves with how those elements are proven in that defendant's case—that is, we look to what the legislature says must be proven, not the facts or evidence used in a particular case to establish that ultimate fact. Nor is it of any moment that such facts or evidence incidentally may also tend to prove an element of another crime with which the defendant is charged. *Id.*, ¶ 35, 307 P.3d at 871.

---

offer of proof to that effect. The State subsequently withdrew the habitual criminal allegations as to the second degree murder count, because the penalty under the habitual criminal statute quoted above for one with two prior felonies is less than that for second degree murder, which is incarceration for twenty years to life. Wyo. Stat. Ann. § 6-2-104 (LexisNexis 2015).

[5] The sentence on the aggravated assault and battery charge was enhanced by Jones' habitual criminal status, as the normal penalty for that offense would have been not more than ten years incarceration. Wyo. Stat. Ann. § 6-2-502(b) (LexisNexis 2015).

[6] Double jeopardy principles also bar trying a defendant a second time for a single offense after having been previously tried and either acquitted or convicted of that crime. *Bowlsby v. State*, 2013 WY 72, ¶ 8, 302 P.3d 913, 916 (Wyo. 2013). The principles stated above also apply to lesser included offenses necessarily contained within the greater charge. *Id.*, ¶ 9, 302 P.3d at 916. Because the argument here is couched in terms of the statutes involved stating the same offense, we will use that terminology.

[¶13] The impulse to invoke facts and evidence to determine whether two crimes are the "same offense" for double jeopardy purposes is one that has haunted many courts, including both this Court and the United States Supreme Court. Known as the "same evidence test," it has been disavowed because it results in confusion and instability in evaluating double jeopardy claims, and because, unlike the "same elements test," it runs contrary to a longstanding historical understanding of the double jeopardy clause. *Id.*, ¶ 46, 307 P.3d at 874. In short, double jeopardy protections relate to "offenses" as defined by the language used to set out the elements of a statutory crime, not as defined by a defendant's particular actions. *Id.*, ¶ 47, 307 P.3d at 874.

[¶14] Second degree murder is defined as follows in Wyo. Stat. Ann. § 6-2-104:

> [W]hoever purposely and maliciously, but without premeditation, kills any human being is guilty of murder in the second degree, and shall be imprisoned in the penitentiary for any term not less than twenty (20) years, or during life.

Jones was charged with attempted second degree murder. The attempt statute, Wyo. Stat. Ann. § 6-1-301 (LexisNexis 2015), provides in pertinent part as follows:

> (a)    A person is guilty of an attempt to commit a crime if:
>
> (i) With the intent to commit the crime, he does any act which is a substantial step towards commission of the crime. A "substantial step" is conduct which is strongly corroborative of the firmness of the person's intention to complete the commission of the crime[.]

Finally, the portion of the aggravated assault and battery statute under which Jones was charged, Wyo. Stat. Ann. § 6-2-502(a)(ii), provides as follows:

> (a)    A person is guilty of aggravated assault and battery if he:
>
> *   *   *
>
> (ii) Attempts to cause, or intentionally or knowingly causes bodily injury to another with a deadly weapon[.]

[¶15] Under the "same elements" test, if each of two charged statutory crimes requires proof of an element that the other does not, one is not a lesser included offense of the other and may be punished cumulatively. *Sweets*, ¶¶ 23-24, 307 P.3d at 868. Jones does not contest that attempted second-degree murder contains an element that is not an

element of the type of aggravated assault and battery with which he was charged, Wyo. Stat. Ann. § 6-2-502(a)(ii), as it requires that a defendant act with malice. *Burnett v. State*, 2011 WY 169, ¶ 27, 267 P.3d 1083, 1090-91 (Wyo. 2011).[7] However, he does claim that the latter statute contains no element that is not also required to prove attempted second degree murder. He asserts that the legislature made use of a deadly weapon an element of both offenses.

[¶16] There can be no doubt that use of a deadly weapon is an element of § 6-2-502(a)(ii) based on unambiguous statutory language. Jones then turns to the definition of "deadly weapon" contained in Wyo. Stat. Ann. § 6-1-104(a)(iv). That term "means but is not limited to a firearm, explosive or incendiary material, motorized vehicle, an animal or other device, instrument, material or substance, which in the manner it is used or is intended to be used is reasonably capable of producing death or serious bodily injury[.]" Wyo. Stat. Ann. § 6-1-104(a)(iv) (LexisNexis 2015). Jones contends that one cannot kill or attempt to kill a human being without employing a deadly weapon as that term is defined by statute, and that it is therefore necessarily an element of second degree murder.

[¶17] We previously addressed a similar claim in *Burnett v. State*, 2011 WY 169, 267 P.3d 1083 (Wyo. 2011). Burnett was convicted of one count of attempted second degree murder and two counts of aggravated assault and battery based upon stabbing the victim in that case. *Id.,* ¶¶ 1, 6, 267 P.3d at 1085, 1086. Under the law in effect before *Sweets* was decided,[8] the district court merged the three convictions, which avoided the kind of double jeopardy issue we see in this case. *Id.*, ¶ 12, 267 P.3d at 1087.

[¶18] Burnett did argue, however, that the statutes involved in his case were unconstitutionally vague because the elements were the same. The Court held as follows on that point:

> We do not agree that the elements of the two crimes are identical. Mr. Burnett was charged with two separate counts of aggravated assault and battery. The two counts were based on separate statutory provisions, Wyo. Stat. Ann. § 6-2-502(a)(i), and Wyo. Stat. Ann. § 6-2-502(a)(ii), which provide that a person is guilty of aggravated assault and battery if he:

---

[7] "Malice" is a term of art. For a thorough discussion of its historical and current interpretation, *see Wilkerson v. State*, 2014 WY 136, ¶¶ 26-27, 336 P.3d 1188, 1200 (Wyo. 2014); and Eric A. Johnson, *The Crime That Wasn't There: Wyoming's Elusive Second Degree Murder Statute*, 7 Wyo. L. Rev. 1 (2007).
[8] *Sweets* overruled Wyoming cases applying the same facts or evidence test referred to above, which were still good law when the trial judge ruled in *Burnett*. *Sweets,* ¶ 49, 307 P.3d at 875.

(i) Causes or attempts to cause serious bodily injury to another intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; [or]

(ii) Attempts to cause, or intentionally or knowingly causes bodily injury to another with a deadly weapon.

The second of these statutory provisions defines the crime of aggravated assault and battery with a deadly weapon. Applying this definition, a person must use a deadly weapon to be convicted of this crime. A person need not use a deadly weapon in order to be convicted of attempted second degree murder. Plainly, these two crimes do not have identical elements.

*Id.,* ¶ 24, 267 P.3d at 1090.

[¶19] Although the constitutional provisions relied upon are different in this case, the straightforward conclusion in *Burnett* resolves the issue here. Sadly, there are numerous ways for members of our species to kill one another, and not all involve deadly weapons. Examples that spring to mind are manual strangulation, or deliberately drowning someone by holding that person's head under water. Jones' argument would require us to consider any means of inflicting death a deadly weapon, and the statutory language simply cannot bear that construction. The fact that Jones did use a deadly weapon cannot alter the second degree murder statute.

[¶20] Jones argues that the result in *Burnett* is incongruous when applied to the completed crime of second degree murder. He contends that had Albrecht died, he could not have been convicted of both second degree murder and aggravated assault and battery, and he points out that the penalty for attempted murder is the same as for the completed crime. He contends that the legislature could not have intended to punish attempted second-degree murder more harshly than actual murder by allowing aggravated assault and battery convictions in addition to the former.

[¶21] Assuming that Jones' premise is correct, which we do for purposes of discussion, it does not change the *Blockburger/Sweets* analysis using the same elements test. Although the irony in the hypothetical murder case is apparent, we have held that we will not second-guess the wisdom of the legislature, and we will not decide whether a statute embodies sound public policy. *Starrett v. State*, 2012 WY 133, ¶ 12, 286 P.3d 1033, 1038 (Wyo. 2012). We presume that the legislature has acted in a thoughtful and rational manner with full knowledge of existing law when it enacts a statute. *DiFelici v. City of Lander*, 2013 WY 141, ¶ 31, 312 P.3d 816, 824 (Wyo. 2013) (citing *Redco Constr. v.*

*Profile Prop., LLC*, 2012 WY 24, ¶ 37, 271 P.3d 408, 418 (Wyo. 2012)). The language of the statutes determines the result in this case.

[¶22] Attempted second-degree murder and aggravated assault and battery as charged in this case each contain an element that is not contained in the other. Attempted second degree murder requires proof of malice, and aggravated assault and battery requires use of a deadly weapon. Therefore the cumulative sentences Jones received upon conviction of those separate offenses did not offend principles of double jeopardy under *Blockburger* and *Sweets*.

**Vagueness**

[¶23] Jones contends that if attempted second-degree murder and aggravated assault and battery under Wyo. Stat. Ann. § 6-2-502(a)(ii) share all the same elements, they are impermissibly vague and, therefore, invalid.[9] This Court reviews vagueness challenges *de novo*, exercising a strong presumption and resolving all doubts in favor of a finding of constitutionality. *Guilford v. State*, 2015 WY 147, ¶ 14, 362 P.3d 1015, 1017 (Wyo. 2015); *Jones v. State*, 2011 WY 115, ¶ 5, 256 P.3d 536, 539 (Wyo. 2011). Jones may challenge the designated statutes as facially vague or vague as applied to his particular conduct. *Jones*, ¶ 8, 256 P.3d at 540.

[¶24] To establish that a statute is facially vague, he must show that it reaches a substantial amount of constitutionally protected conduct, or that it specifies no standard of conduct at all. *Id.*; *Teniente v. State*, 2007 WY 165, ¶ 86, 169 P.3d 512, 536 (Wyo. 2007). With respect to an as-applied challenge, he must show both that the statute does not give sufficient notice to a person of ordinary intelligence that the conduct for which he was charged is illegal, and that the facts of the case demonstrate arbitrary and discriminatory enforcement. *Teniente*, ¶ 91, 169 P.3d at 537. We will not find a statute vague as applied if we can reasonably conclude that its language would sufficiently apprise a person that the conduct proven at trial was prohibited by law. *Guilford*, ¶ 15, 362 P.3d at 1017-18.

[¶25] As noted above, Jones was charged with aggravated assault and battery for attempting to cause, or intentionally or knowingly causing, bodily injury to Albrecht with

---

[9] Much of his argument is directed to the additional question of whether, for similar reasons, aggravated assault and battery under § 6-2-502(a)(i) is also unconstitutionally vague. That provision criminalizes causing or attempting to cause "serious bodily injury to another intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." Wyo. Stat. Ann. § 6-2-502(a)(i) (LexisNexis 2015). However, Jones was neither charged nor convicted under that provision. Accordingly, he cannot be said to have suffered any injury on its account, and no decision we might make regarding its validity could have any effect on him. Therefore, in regard to that provision, he can raise no justiciable issue. *Lovato v. State*, 901 P.2d 408, 410-11 (Wyo. 1995). We therefore decline to further address that aspect of his vagueness argument.

a deadly weapon. The term "bodily injury" includes physical pain and the functional impairment of a bodily member, organ or mental faculty, and the term "deadly weapon" includes firearms. Wyo. Stat. Ann. § 6-1-104(a)(i), (iv).

[¶26] Attempted second-degree murder is defined by reference to the statute governing the completed substantive offense and our general attempt statute, as set out above. We have held that applying the two involved statutes requires proof that a defendant intentionally did the act that constitutes a substantial step towards committing murder, and that he also harbored the intent that defines the underlying crime—that he acted purposely and maliciously. *Bloomfield v. State,* 2010 WY 97, ¶ 13, 234 P.3d 366, 372 (Wyo. 2010). Jones does not suggest that the designated statutes criminalize a substantial amount of constitutionally protected conduct or specify no standard as to their reach. Therefore, he has failed in his burden to show that they are unconstitutionally vague on their face.

[¶27] Similarly, he has not demonstrated from the record that charging and convicting him of two crimes, as permitted by established double jeopardy jurisprudence, constituted arbitrary or discriminatory enforcement of the designated statutes. Nor has he shown that a person of ordinary intelligence would not understand that those statutes made his proven conduct illegal.

## CONCLUSION

[¶28] Jones was properly sentenced consecutively for the crimes for which he was convicted because aggravated assault and battery under the subsection charged is not the same offense as attempted second-degree murder under the same-elements test. He has also failed to show that the statutes under which he was convicted are unconstitutionally vague, either on their face or as applied to the facts of his case. Consequently, we affirm.

8