# IN THE SUPREME COURT, STATE OF WYOMING

## 2015 WY 108

APRIL TERM, A.D. 2015

August 17, 2015

CHESTER LOYDE BIRD,

Appellant
(Defendant),

v.

S-15-0059

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Campbell County*
*The Honorable Thomas W. Rumpke, Judge*

*Representing Appellant:*
   Pro se.

*Representing Appellee:*
   Peter K. Michael, Attorney General; David L. Delicath, Deputy Attorney General; Jenny L. Craig, Senior Assistant Attorney General.

*Before BURKE, C.J., and HILL, KITE\*, DAVIS, and FOX, JJ.*

*\* Justice Kite retired from judicial office effective August 3, 2015, and, pursuant to Article 5, § 5 of the Wyoming Constitution and Wyo. Stat. Ann. § 5-1-106(f) (LexisNexis 2015), she was reassigned to act on this matter on August 4, 2015.*

**NOTICE:** This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**BURKE, Chief Justice.**

[¶1]     Appellant, Chester Loyde Bird, pled guilty to kidnapping and first-degree sexual assault in 1994 while he was on parole for an unrelated crime, and he was sentenced to two concurrent life terms.  In this appeal, Appellant, acting *pro se*, challenges the district court's denial of his motion to correct an illegal sentence under W.R.Cr.P. 35(a).  We affirm.

## *ISSUES*

[¶2]     Appellant presents six issues, which we combine and restate as follows:

1. Whether Appellant's sentence is illegal due to the sentencing court's failure to state whether the sentence was to run concurrently or consecutively to the sentence re-imposed upon revocation of Appellant's parole.

2. Whether Appellant's sentence is illegal because he was not awarded sufficient credit for presentence confinement.

3. Whether the imposition of a $50.00 victim's compensation surcharge under Wyo. Stat. Ann. § 1-40-119, due to Appellant's status as a habitual offender, violates constitutional prohibitions against double jeopardy and the enactment of *ex post facto* laws.

4. Whether Appellant's sentence is illegal due to the sentencing court's failure to inquire into Appellant's ability to pay before ordering a victim's compensation surcharge.

5. Whether the district court erred by failing to allow Appellant an opportunity to make a statement before issuing its order on the motion to correct illegal sentence.

The State presents two issues:

1. Are Appellant's current claims barred by the doctrine of *res judicata*?

1

2. Did the district court abuse its discretion when it corrected Bird's sentence without allowing him to make a statement?

## *FACTS*

[¶3]   In 1994, while on parole for a previous crime, Appellant kidnapped his victim outside a grocery store in Campbell County, forced her into her vehicle at knife-point, and raped her.  Appellant was apprehended and arrested.  He subsequently pled guilty to one count of first-degree sexual assault and one count of kidnapping.  Appellant was also determined to be a habitual offender.  He was sentenced to life in prison for the sexual assault and to a concurrent term of life in prison for the kidnapping.  The sentencing court did not state whether Appellant's sentences were to be served concurrently with or consecutively to the sentence re-imposed upon revocation of his parole.

[¶4]   In a direct appeal from his convictions, Appellant claimed that he was incorrectly advised by the court that he could potentially receive three life sentences.  Prior to filing his notice of appeal, Appellant sent the district court a letter indicating his desire to withdraw his guilty pleas on the same grounds.  This Court affirmed his convictions after concluding that, although he had been misinformed, he was not prejudiced by the misinformation.  *Bird v. State*, 901 P.2d 1123, 1132 (Wyo. 1995) ("*Bird I*").

[¶5]   Appellant subsequently filed a formal motion to withdraw his guilty pleas, asserting that he had confessed to the crimes only due to police coercion.  The district court denied Appellant's motion.  This Court affirmed, noting that "Appellant's failure to raise coercion in his initial motion to withdraw his guilty pleas may speak loudest as to the authenticity of the claim, but we reject it primarily because it is contradicted by the record he has provided."  *Bird v. State*, 939 P.2d 735, 736 (Wyo. 1997) ("*Bird II*").

[¶6]   In October 2000, Appellant filed a motion to correct illegal sentence claiming that his sentencing enhancements as a habitual criminal were illegal because his previous convictions were invalid.  The district court denied the motion, finding that Appellant entered his pleas knowingly and voluntarily and that the pleas complied with the requirements for application of the habitual criminal enhancement.  We dismissed Appellant's subsequent appeal, concluding that the motion to correct illegal sentence was improper because Appellant's motion was "simply an attack on the soundness of the convictions underlying his habitual criminal enhancement and, accordingly, is not a proper subject for a Rule 35 motion."  *Bird v. State*, 2002 WY 14, ¶ 4, 39 P.3d 430, 431 (Wyo. 2002) ("*Bird III*").

[¶7]   In March 2007, Appellant filed a third motion to withdraw his guilty pleas.  The district court dismissed the motion, concluding that it did not have jurisdiction to consider

2

the motion. We dismissed Appellant's appeal *sua sponte*. We concluded that "because Appellant did not file his Motion to Withdraw Pleas within the time for taking a direct appeal from the Judgment and Sentence or while a direct appeal from the Judgment and Sentence was pending, the district court correctly ruled that it was without subject matter jurisdiction to entertain Appellant's Motion to Withdraw Pleas."

[¶8]    The present case was initiated on October 22, 2014, when Appellant, acting *pro se*, filed a second motion to correct illegal sentence. He claimed that his sentence is illegal because (1) the court erred by failing to address whether his sentence was to run concurrently with or consecutively to the sentence for which he was on parole at the time of his convictions, (2) the court failed to award credit for time served in presentence confinement, (3) the court erred in assessing $50.00 in victim's compensation for the habitual criminal conviction, (4) the habitual criminal penalty enhancement is unconstitutional, and (5) the court failed to make a finding that Appellant had the ability to pay the victim's compensation surcharge. The district court, without holding a hearing, granted the motion in part and denied the motion in part. The court awarded Appellant 37 days of credit for presentence confinement. The court denied the remainder of Appellant's claims. This appeal followed.

## STANDARD OF REVIEW

[¶9]    We apply the following standard of review to claims that a criminal sentence is illegal:

> Sentencing decisions are normally within the discretion of the trial court. *Bitz v. State*, 2003 WY 140, ¶ 7, 78 P.3d 257, 259 (Wyo. 2003). "Such discretion is limited, however, inasmuch as a court may not enter an illegal sentence. A sentence is illegal if it violates the constitution or other law." *In re CT*, 2006 WY 101, ¶ 8, 140 P.3d 643, 646 (Wyo. 2006) (internal case citation omitted). Whether a sentence is illegal is a question of law, which we review *de novo*. *Manes v. State*, 2007 WY 6, ¶ 7, 150 P.3d 179, 181 (Wyo. 2007).

*Endris v. State*, 2010 WY 73, ¶ 13, 233 P.3d 578, 581 (Wyo. 2010) (quoting *Jackson v. State*, 2009 WY 82, ¶ 6, 209 P.3d 897, 898-99 (Wyo. 2009)). Whether a claim is barred by *res judicata* is also a question of law, reviewed *de novo*. *Ferguson v. State*, 2013 WY 117, ¶ 8, 309 P.3d 831, 833 (Wyo. 2013).

## DISCUSSION

[¶10] The doctrine of *res judicata* bars litigation of issues that were or could have been

3

determined in a prior proceeding. *Dax v. State*, 2012 WY 40, ¶ 9, 272 P.3d 319, 321 (Wyo. 2012). Four factors are examined to determine whether *res judicata* applies: (1) identity in parties; (2) identity in subject matter; (3) the issues are the same and relate to the subject matter; and (4) the capacities of the persons are identical in reference to both the subject matter and the issues between them. *Id.* Courts can correct illegal sentences under W.R.Cr.P. 35(a) at any time, but the bases for correcting the sentence remain subject to *res judicata*. *Id.*, ¶¶ 9-10, 272 P.3d at 321. If a party fails to show good cause why an issue was not raised at an earlier opportunity, the court may decline to consider the issue. *Hamill v. State*, 948 P.2d 1356, 1358 (Wyo. 1997).

**Issue 1: Concurrent or Consecutive Nature of Sentences**

[¶11] In his first issue, Appellant claims that his sentence is illegal because the sentencing court did not state whether he was to serve his life sentences concurrently with or consecutively to the sentence imposed upon revocation of his parole. Appellant acknowledges that, when a court is silent on the concurrent or consecutive nature of a sentence, there is a presumption that the sentences are consecutive. *Apodaca v. State*, 891 P.2d 83, 85 (Wyo. 1995); *Pearson v. State*, 866 P.2d 1297, 1299 (Wyo. 1994); *Loper v. Shillinger*, 772 P.2d 552, 553 (Wyo. 1989). Relying on *Jones v. State*, 2003 WY 154, 79 P.3d 1021 (Wyo. 2003), however, he contends that his sentence is illegal because the sentencing court impermissibly delegated to the Wyoming Department of Corrections the decision as to whether his sentences would be served concurrently with or consecutively to the sentence imposed upon revocation of his parole. We do not agree.

[¶12] In *Jones,* the district court determined that the issue as to whether the appellant's sentence would be served concurrently or consecutively would be decided by the parole board. The district court stated that "If the parole board revokes your parole and give[s] you a sentence, they will have to say whether that should be concurrent or consecutive with this one." *Id.*, ¶ 5, 79 P.3d at 1023. Consequently, we held that the record did not support a determination that the sentences at issue were presumed to be consecutive. *Id.*, ¶ 16, 79 P.3d at 1027. Unlike in *Jones*, there is nothing in the record in the present case to indicate that the district court did not intend to rely on the presumption of consecutive sentences. Accordingly, Appellant's reliance on *Jones* is misplaced.

[¶13] Appellant also contends that his sentence violates the mandate, set forth in our recent decisions in *Coy v. State*, 2014 WY 49, ¶ 19, 322 P.3d 821, 826 (Wyo. 2014) and *Cothren v. State*, 2013 WY 125, ¶ 36, 310 P.3d 908, 918 (Wyo. 2013) that "a prisoner is entitled to serve his sentence in one continuous 'stretch,' and that he cannot be required to serve it in installments unless the interruption was due to escape, a parole violation, or some other fault on his part." Again, we find no merit in Appellant's claim. Any interruption in Appellant's sentence was due solely to his parole violation. Accordingly, his sentence does not run afoul of the rule set forth in *Cothren* and *Coy*.

[¶14]  In any case, however, Appellant could have raised this issue in his direct appeal. He has made no attempt to demonstrate good cause as to why he did not do so.  As a result, Appellant's claim is barred by the doctrine of *res judicata*.

**Issue 2: Credit for Presentence Confinement**

[¶15]  In his second issue, Appellant contends that the district court failed to award sufficient credit for his presentence confinement against Appellant's life sentences.  The district court awarded 37 days of credit.  A defendant who is serving a life sentence, however, is not entitled to credit for presentence confinement.  *Weldon v. State*, 800 P.2d 513, 514 (Wyo. 1990).  The district court's award of credit ultimately has no effect on Appellant's sentence.  In any event, however, Appellant could have raised this issue in his direct appeal, and has failed to demonstrate good cause as to why he did not raise this claim previously.  As a result, Appellant's claim is barred by *res judicata*.

**Issue 3: Constitutionality of Wyoming's Habitual Offender Statute**

[¶16]  Appellant's third issue is presented as a challenge to the constitutionality of Wyo. Stat. Ann. § 6-10-201 (LexisNexis 2015), Wyoming's habitual offender statute.  He claims the sentencing court impermissibly imposed a $50.00 victim's compensation surcharge as a result of his status as a habitual offender.  According to Appellant, the imposition of the victim's compensation surcharge violates constitutional prohibitions against double jeopardy and the enactment of *ex post facto* laws.

[¶17]  We previously addressed, and rejected, Appellant's challenge to the surcharge in *Bird II*, 939 P.2d at 739.  In that case, we concluded "The surcharge, neither exceeding that authorized by statute nor otherwise contrary to law or constitution, is legal and is affirmed." *Id.*  Appellant provides no reason for his failure to raise his claims relating to the constitutionality of the surcharge in that appeal.  Accordingly, as with the issues discussed above, Appellant's claim is barred by *res judicata*.

**Issue 4: Appellant's Ability to Pay Victim's Compensation Surcharge**

[¶18]  Appellant next contends the sentencing court erred in failing to make a finding as to whether he was able to pay the victim's compensation surcharge.  In his motion to correct illegal sentence, Appellant stated that he had "paid the total victim's compensation surcharge assessment of $150.00 in this matter."  As a result, the district court found that this issue is moot.  We are inclined to agree with the district court.  In any event, however, Appellant could have raised this issue in his direct appeal or in his subsequent motion to correct illegal sentence.  Appellant has not provided good cause as to why he did not raise this issue previously.  As a result, we conclude that Appellant's

claim is barred by *res judicata*.

**Issue 5: District Court's Failure to Permit Allocution**

[¶19]  In his final issue, Appellant contends he is entitled to a new sentencing proceeding because he was not allowed an opportunity to make a statement under W.R.Cr.P. 32(c)(1)(C) before the district court issued its order on Appellant's motion to correct illegal sentence.  W.R.Cr.P. 32(c)(1)(C) provides as follows:

> (c) *Sentence*. −
>
> (1) Imposition. −  Sentence shall be imposed without unnecessary delay, but the court may, when there is a factor important to the sentencing determination that is not then capable of being resolved, postpone the imposition of sentence for a reasonable time until the factor is capable of being resolved. . . . Before imposing sentence, the court shall also:
>
>> . . .
>
>> (C) Address the defendant personally and determine if the defendant wishes to make a statement and to present any information in mitigation of the sentence.

We have held that the failure to afford a defendant his right to make a statement is reversible error requiring a new sentencing hearing.  *Presbury v. State*, 2010 WY 32, ¶ 11, 226 P.3d 886, 889 (Wyo. 2010).

[¶20]  According to Appellant, the district court's order clarifying that his sentences are to be served consecutively to the sentence imposed upon revocation of his parole constitutes imposition of a new sentence.  We do not agree.  The district court's order merely clarified that the presumption of consecutiveness applied to Appellant's sentences.  That presumption exists and operates independently of the district court's order.  As a result, the requirements of W.R.Cr.P. 32(c)(1)(C) do not apply.  We find no error in the court's failure to allow Appellant to make a statement before issuing its order on the motion to correct illegal sentence.

[¶21]  Affirmed.