2017 WY 141

**Darrel David GOETZEL, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

S-17-0099
S-17-0100

Supreme Court of Wyoming.

December 04, 2017

Representing Appellant: Office of the State Public Defender: Diane M. Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel; David E. Westling, Senior Assistant Appellate Counsel. Argument by Mr. Westling.

Representing Appellee: Peter K. Michael, Attorney General; David L. Delicath, Deputy Attorney General; Christyne M. Martens, Senior Assistant Attorney General; Darrell D. Jackson, Director, Saige N. Smith, Student Director, Prosecution Assistance Program, University of Wyoming, College of Law. Argument by Ms. Smith.

Before BURKE, C.J., and HILL, DAVIS, and FOX, JJ., and SULLINS, D.J.

BURKE, Chief Justice

[¶1] Appellant, Darrel Goetzel, challenges the district court's denial of his motion to correct an illegal sentence. We conclude that *res judicata* bars his claim, and affirm.

### ISSUES

[¶2] The issue presented by Appellant is whether the district court erred in denying his motion to correct an illegal sentence. The State raises a separate issue: Does *res judicata* bar Appellant from bringing this claim?

## FACTS

[¶3] While being booked on various charges at the Goshen County Detention Center, Appellant hit the officer in charge, who fell to the floor. Appellant then kicked him in the head, causing severe injuries to the officer. Appellant used the officer's radio to ask for the door to be unlocked. The door was opened, and he fled from the facility, taking the radio with him. He was apprehended six days later in Nebraska. Following his arrest, Appellant was charged with felony interference with a peace officer, felony escape, and felony larceny. About six weeks later, in a separate docket, Appellant was charged with the additional crimes for which he had originally been arrested. Those crimes included possession of a controlled substance, felony larceny, two counts of burglary, and four counts of forgery. Pursuant to a plea agreement, the State dismissed several of the charges and Appellant pled guilty to burglary, forgery, felony larceny, felony escape, and felony interference with a peace officer. The district court accepted the guilty pleas, and on July 26, 2011, sentenced Appellant to a significant prison term. Appellant did not appeal the district court's decision.

[¶4] In 2012, Appellant filed a motion for sentence reduction. The motion was denied. In 2015, Appellant filed a motion for sentence modification. This motion was also denied. Appellant did not present a double jeopardy claim in any of the motions, and did not appeal any of the district court orders denying the motions.

[¶5] In 2016, Appellant filed a motion to correct an illegal sentence. Specifically, Appellant challenged the sentences he received for two crimes: a nine to ten-year sentence for felony interference with a peace officer, and a consecutive nine to ten-year sentence for felony escape. He claimed that the two sentences should have merged under double jeopardy principles because "the exact same conduct perpetrated against the same officer" was used to prove both crimes. The district court denied the motion. Appellant challenges that ruling on appeal.

## DISCUSSION

[¶6] Appellant claims that, under principles of double jeopardy, his sentences for felony escape and felony interference with a peace officer should have merged. The State asserts that Appellant's claim is barred by *res judicata*. Because the State's issue is potentially dispositive, we consider it first. Whether a claim is barred by *res judicata* is a question of law we review *de novo*. *Bird v. State*, 2015 WY 108, ¶ 9, 356 P.3d 264, 267 (Wyo. 2015).

[¶7] W.R.Cr.P. 35(a) allows a court to correct an illegal sentence "at any time." However:

> Our precedent is clear that the principle of *res judicata* may be applied to claims brought pursuant to W.R.Cr.P. 35(a). *See, e.g., Hamill v. State*, 948 P.2d 1356, 1358–59 (Wyo. 1997). In *Hamill*, we rejected the appellant's argument that, because Rule 35 states that a motion to correct an illegal sentence may be brought at any time, it is not subject to bar under the doctrine of *res judicata*. *Id.*

*Gould v. State*, 2006 WY 157, ¶ 14, 151 P.3d 261, 266 (Wyo. 2006). *Res judicata* bars issues that were previously raised and considered, and also issues that "could have been raised in an earlier proceeding" but were not. *Id.*, ¶ 15, 151 P.3d at 266 (emphasis omitted).

[¶8] Appellant raised his double jeopardy claim for the first time in his 2016 motion to correct an illegal sentence. He could have raised his double jeopardy claim in 2011 in a direct appeal from the district court's judgment and sentence. He could have raised the claim when he filed his motion for sentence reduction in 2012. However, he stated in this motion that he did "not question any of the substantive or procedural underpinnings of his original sentence." Appellant could have raised his double jeopardy claim in 2015 when he filed his motion for sentence modification.

[¶9] Appellant suggests two reasons we should not apply *res judicata* in his case. First, he points out that the State did not argue before the district court that *res judicata* barred his claim. He asserts that *res judicata* "may be waived." He cites no legal

authority to support this assertion. To the contrary, "[w]e have routinely disposed of claims on *res judicata* grounds without regard to whether the issue was raised before the district court." *Ferguson v. State*, 2013 WY 117, ¶ 11, 309 P.3d 831, 834 (Wyo. 2013) (citing *Kurtenbach v. State*, 2013 WY 80, 304 P.3d 939 (Wyo. 2013)); *see also Lunden v. State*, 2013 WY 35, 297 P.3d 121 (Wyo. 2013).[1]

[¶10] Second, Appellant contends that trial courts have the "power to hear post-conviction relief motions" if a defendant makes "a showing of cause ... sufficient to avoid the waiver rule." We have previously recognized that *res judicata* may not bar a claim if there is a showing of good cause for failing to raise the claim in prior proceedings. *See Bird*, ¶ 10, 356 P.3d at 267. In this appeal, however, Appellant has failed to present any facts or circumstances demonstrating good cause for not raising his double jeopardy claim in earlier proceedings. We find both of Appellant's contentions unconvincing, and conclude that his claim is barred by *res judicata*.

[¶11] Affirmed.

---

1. Appellant also asserts that the district court's appointing counsel to represent him "is an indication that there had been a waiver [of *res judica-* *ta*] and that the case should proceed on the merits." He cites no authority to support this assertion, and we will not consider it further.