2018 WY 15

**David A. HICKS, Appellant (Defendant),**

**v.**

**The STATE of Wyoming,
Appellee (Plaintiff).**

**S-17-0158**

Supreme Court of Wyoming.

February 8, 2018

Representing Appellant: Pro se

Representing Appellee: Peter K. Michael, Wyoming Attorney General; Christyne M. Martens, Senior Assistant Attorney General; Sam Williams, Assistant Attorney General

Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.

DAVIS, Justice.

[¶1] In 2015, David Hicks pled guilty to one count of third degree sexual assault and

one count of abuse of a vulnerable adult, and he was sentenced to consecutive prison terms. In 2017, Mr. Hicks filed a *pro se* motion to correct an illegal sentence pursuant to W.R.Cr.P. 35(a), in which he claimed: 1) that his sentences violated his double jeopardy protections; 2) actual innocence based on lack of intent; and 3) constructive denial of counsel based on his counsel's failure to assert the double jeopardy and lack-of-intent defenses. The district court denied Mr. Hicks' motion, and we affirm.

## ISSUES

[¶2] Mr. Hicks did not include a statement of issues in his briefing. We have identified the dispositive issues as:

I. Does *res judicata* bar Mr. Hicks' Rule 35(a) double jeopardy claim?

II. Did the district court properly deny Mr. Hicks' actual innocence and constructive denial of counsel claims on the basis that such claims are not cognizable under Rule 35(a)?

## FACTS

[¶3] In June 2014, David Hicks worked as a certified nursing assistant at the Thermopolis Rehabilitation and Care Center. One of the patients Mr. Hicks was assigned to care for was JP, a 75-year-old physically disabled Alzheimer patient. JP's husband, RP, noticed during recent visits that JP had what appeared to be burns and bruising on her hand and hip, as well as a cut on her hand. Out of concern for JP's wellbeing, RP placed a "Nanny Cam" surveillance video device in her room. When he removed the memory card and watched the video, he saw that the device had recorded a man sexually assaulting his wife.

[¶4] RP reported the assault to the Thermopolis Police Department, and provided the Department a copy of the recording. Officers Melanie Kress and Julie Matthews viewed the video recording, and Officer Matthews reported its contents in a probable cause affidavit:

I and Officer Kress reviewed the video and observed the following: The video is date stamped June 10th, 2014 and the time-stamp starts at 18:19. On the recording I heard an African American male, later identified as DAVID A. HICKS, YOB: [ ], hereinafter referred to as HICKS, call out "Jean", "Let's get you in bed." I then see HICKS' side as he is bending over. Further, I can hear sounds that are consistent with HICKS moving foot pedals and/or arm rests on a wheelchair. A mumbled voice is barely heard and HICKS places what appears to be a spoon on the night stand. HICKS then puts on rubber gloves.

At 18:20, HICKS picks up J.P., a thin, elderly female and lays her down on her bed with her head at the foot of her bed. At 18:21, HICKS moves J.P. towards the foot of the bed and adjusts her position. Then HICKS begins to pull at his pants and turns towards J.P. and says "Come on. Come on." As he says this, he places his left hand on the side of J.P.'s face and directs it toward his genital area. J.P. can be heard trying to say something and HICKS continues with, "Come on. Come on."

At 18:21, HICKS begins to masturbate with his right hand and his circumcised penis is visibly held near J.P.'s mouth. HICKS continues to hold J.P.'s face towards his genitals as he masturbates. HICKS pulls back his shirt, exposing the top of his pants and his fully erect penis. It appears that HICKS makes contact with J.P.'s mouth and cheeks. At one point, J.P. tries to lift her arm and hand and makes non-verbal sounds. HICKS continues to masturbate and again adjusts J.P.'s face.

At 18:22, J.P. makes more non-verbal sounds and HICKS increases his rhythm and taps J.P. on the face with his penis. At this time, HICKS stops masturbating and pauses as if in an orgasmic state. A white substance (semen) can be seen on the tip of HICKS' penis as he pulls back and then steps out of view of the camera.

At 18:23, J.P. can be seen trying to swallow and move her mouth but no semen was visible on the outside of her mouth and face. HICKS then steps back into view after shuffling about in the room and sets J.P. back into a sitting position. He then takes off J.P.'s blouse. J.P. grunts while

HICKS is removing her shirt and says "Ow" after her blouse is removed. J.P. then says "You hurt me." HICKS places J.P. in a hospital gown and lifts her into the bed with her head at the head of the bed. HICKS then takes off J.P.'s pants and shoes. He then covers J.P. up with the bed sheet and pulls the side rail up and video ends.

[¶5] On June 13, 2014, the State filed an information charging Mr. Hicks with three felonies: one count of sexual assault in the first degree, one count of sexual assault in the third degree, and one count of abuse of a vulnerable adult. Mr. Hicks was bound over to district court, and on October 6, 2014, he pled not guilty to the charged crimes. The State and Mr. Hicks thereafter reached a plea agreement under which the State agreed to dismiss the first degree sexual assault charge in exchange for his plea of guilty to the third degree sexual assault and abuse of a vulnerable adult charges. Following a change of plea hearing, on March 23, 2015, the district court accepted Mr. Hicks' guilty plea, and on the State's motion, dismissed the first degree sexual assault charge.

[¶6] On July 27, 2015, the district court entered its judgment and sentence. The court sentenced Mr. Hicks to prison terms of thirteen and one-half years to fifteen years on the third degree sexual assault charge, and to eight to ten years on the abuse of a vulnerable adult charge, to be served consecutively. Mr. Hicks did not appeal the judgment and sentence.

[¶7] On April 28, 2016, Mr. Hicks filed two motions for reduction of his sentence pursuant to W.R.Cr.P. 35(b). In one of the motions, Mr. Hicks requested an upward revision of the credit he was given for his presentence confinement. In the other motion, Mr. Hicks cited his positive improvements and absence of infractions since his incarceration as the basis for a reduction in his sentence. On April 29, 2016, Mr. Hicks filed two more Rule 35(b) motions. These were nearly identical to the April 28, 2016 motions, although Mr. Hicks included a different attachment detailing his alleged personal improvements. On August 11, 2016, following a hearing during which Mr. Hicks appeared by telephone, the district court entered an order denying any reduction in sentence.

[¶8] On March 27, 2017, Mr. Hicks filed a motion to correct an illegal sentence pursuant to W.R.Cr.P. 35(a). By that motion, Mr. Hicks asserted three claims: 1) his consecutive sentences violated his constitutional protection against double jeopardy; 2) he was actually innocent because he was under the influence of methamphetamine when he committed his crimes and therefore did not have the requisite intent to commit third degree sexual assault; and 3) he suffered a constructive denial of counsel because his attorney failed to advise him of his double jeopardy and actual innocence defenses. On March 27, 2017, the district court entered an order denying Mr. Hicks' Rule 35(a) motion. The court ruled:

It appears that Defendant's claim in Argument I is that the sentences handed down by this Court violate the Double Jeopardy provisions of the Constitution. Defendant's reliance on Rule 35(a) of the WRCrP is misplaced. See DeSpain v. State, 865 P.2d 584 (WY 1983 [1993]) and Birr v. State, 895 P.2d 43 (WY 1995). It is not the proper remedy. Such must be done timely under Section 7-14-101 thru 108 WSA. The claim is barred if it could have been raised in the original appeal but wasn't. No Court has jurisdiction to hear his claim now under Section 7-14-103(a)(i). Further, this Court has denied a sentence reduction on August 11, 2016. A sentence reduction is now time barred under WRCrP 35(b) since the Judgment and Sentence was filed on July 27, 2015.

It appears that Defendant's Argument II should have been made in an appeal following the Judgment and Sentence being entered. It is now time barred and not for this Court to consider.

It appears that Defendant's Argument III should have been made in an appeal following the Judgment and Sentence being entered. It is now time barred and not for this Court to consider.

[¶9] On April 14, 2017, Mr. Hicks filed a timely notice of appeal to this Court.

## STANDARD OF REVIEW

[¶10] Whether a sentence is illegal and whether a Rule 35(a) motion is barred by *res judicata* are questions of law we review *de novo*. *Nicodemus v. State*, 2017 WY 34, ¶ 9, 392 P.3d 408, 411 (Wyo. 2017). Whether a claim is cognizable under Rule 35(a) is likewise a question of law subject to *de novo* review. *See Evans v. State*, 892 P.2d 796, 797 (Wyo. 1995).

## DISCUSSION

### A.  Double Jeopardy Claim

[¶11] The district court ruled that a double jeopardy claim may not be brought pursuant to a Rule 35(a) motion. Although that was indeed the rule under the cases it cited, this Court has since overruled that precedent and held that a double jeopardy claim may be brought under Rule 35(a). *Tucker v. State*, 2015 WY 65, ¶ 7 n.1, 349 P.3d 987, 988, n.1 (Wyo. 2015) (recognizing overruling of *DeSpain v. State*, 865 P.2d 584 (Wyo. 1993)). We do agree with the State, however, that Mr. Hicks' double jeopardy claim is barred by the doctrine of *res judicata*, and on that basis, we affirm the district court's ruling.

[¶12] "*Res judicata* bars litigation of issues that were or could have been determined in a prior proceeding." *Nicodemus*, ¶ 11, 392 P.3d at 411 (citing *Bird v. State*, 2015 WY 108, ¶ 10, 356 P.3d 264, 267 (Wyo. 2015)). While we recognize that a court may correct an illegal sentence under W.R.Cr.P. 35(a) at any time, we have also held that the bases for correcting the sentence remain subject to the *res judicata* bar. *Id.*; *see also Goetzel v. State*, 2017 WY 141, ¶ 7, 406 P.3d 310, 311 (Wyo. 2017).

[¶13] This case is similar to *Goetzel*. In *Goetzel*, the defendant was sentenced to consecutive sentences for felony interference with a peace officer and felony escape, and he did not appeal his 2011 conviction and sentence. *Goetzel*, ¶ 3, 406 P.3d at 311. In 2012, Goetzel filed a motion for sentence reduction, which was denied, followed in 2015 by a motion for sentence modification, which was also denied. *Id.* ¶ 4, 406 P.3d at 311. In 2016, Goetzel filed a Rule 35(a) motion in which he, for the first time, raised a double

jeopardy claim. *Id.* ¶ 5, 406 P.3d at 311. We held that Goetzel's double jeopardy claim was barred by *res judicata* because it was not raised in a direct appeal or in any of Goetzel's prior motions. *Id.* ¶ 10, 406 P.3d at 312. We observed:

> Appellant raised his double jeopardy claim for the first time in his 2016 motion to correct an illegal sentence. He could have raised his double jeopardy claim in 2011 in a direct appeal from the district court's judgment and sentence. He could have raised the claim when he filed his motion for sentence reduction in 2012. However, he stated in this motion that he did "not question any of the substantive or procedural underpinnings of his original sentence." Appellant could have raised his double jeopardy claim in 2015 when he filed his motion for sentence modification.

*Goetzel*, ¶ 8, 406 P.3d at 311.

[¶14] The same is true in this case. Mr. Hicks could have raised his double jeopardy claim in a direct appeal or in one of his four motions requesting a reduction in his sentence, but he did not. The first time Mr. Hicks asserted a double jeopardy claim was in his 2017 Rule 35(a) motion.

[¶15] We have recognized that application of the *res judicata* bar to a claim is discretionary, and we will not apply the bar if good cause is shown for the defendant's failure to raise his claim in prior proceedings. *Goetzel*, ¶ 10, 406 P.3d at 312; *Nicodemus*, ¶ 12, 392 P.3d at 411-12. In this regard, Mr. Hicks asserts that he instructed his attorney to file a direct appeal, but his counsel refused. The record does not support this assertion because in two of Mr. Hicks' motions for sentence reduction, he informed the district court that "I did file for an appeal of my case the day of sentencing, but respectfully withdrew my appeal." While the record does not contain a notice of appeal from Mr. Hicks' conviction and sentence, these statements do indicate that he made the decision to not appeal, and that it was not forced on him by his attorney. Because Mr. Hicks has not shown good cause for failing to raise his double jeopardy claim in earlier proceedings,

we conclude that his claim is barred by *res judicata*.

## B. Remaining Claims

█ [¶16] Mr. Hicks' remaining claims are for: 1) actual innocence, by which Mr. Hicks alleges he was unable to form the required intention of sexual arousal, gratification, or abuse required of third degree sexual abuse because he was under the influence of methamphetamine; and 2) constructive denial of counsel because his attorney failed to advise him of his actual innocence and double jeopardy defenses. We agree with the State that these claims are not cognizable under a Rule 35(a) motion.

[¶17] "We have been consistent in ruling that W.R.Cr.P. 35(a) does not serve as a vehicle for examination of errors occurring at trial or in other proceedings prior to the imposition of sentence." *Mead v. State*, 2 P.3d 564, 566 (Wyo. 2000) (citing cases). We have explained:

> A motion to correct an illegal sentence presupposes a valid conviction and may not be used to re-examine errors occurring at trial or other proceedings prior to the imposition of sentence. Therefore, issues concerning the validity of a conviction will not be addressed in the context of a Rule 35 motion. *State v. Meier*, 440 N.W.2d 700, 703 (N.D. 1989); 3 CHARLES ALAN WRIGHT, FEDERAL PRACTICE AND PROCEDURE: *Criminal* 2d § 582 (1982).

*Evans*, 892 P.2d at 797.

[¶18] Mr. Hicks' actual innocence and constructive denial of counsel claims both relate to his underlying conviction, not his sentencing, and they were therefore not properly brought in a Rule 35(a) motion.

## CONCLUSION

[¶19] Mr. Hicks failed to show good cause for failing to raise his double jeopardy claim in an earlier proceeding, and his claim was therefore barred by *res judicata*. His remaining claims of actual innocence and constructive denial of counsel were not cognizable under a Rule 35 motion. The district

court thus properly denied Mr. Hicks' Rule 35(a) motion. Affirmed.