KRICKEN, District Judge.
[¶1] Appellant, Darrel Goetzel, challenges the district court's denial of his petition for post-conviction relief. This Court concludes *866 that res judicata bars his claims and affirms on those grounds.
ISSUE
[¶2] In his appeal, Goetzel states the issue(s) as follows:
The Defendant's motion was barred by res judicata by the District Court. Further the Wyoming Supreme Court barred the Defendant[']s claim in a prior case with similar issues [sic] this is due to ineffective assistance of appellate counsel. More specifically appellate counsel never submitted critical information provided by the defendant, one of the issues relating to the subject of res judicata, as well as ineffective assistance of appellate counsel. However the defendant believes res judicata should not apply in this case because the defendant is filing this appeal under the new Wyoming Statute § 7-12-401 through 407, 7-6-107, 7-14-103, and 7-14-105"factual innocence actual innocence." The actual issue the Defendant would like to bring to this court[']s attention is the defendant was convicted of a two count violation of Wyoming Criminal Statutes § 6-5-204 Interference with a peace officer and § 6-5-207 Escape by violence or assault. The issue before the Court is whether the charging, conviction, or consecutive sentencing of the defendant pursuant to two general statutes for the same conduct subjected him to Double Jeopardy in violation of the Constitutional guarantees of either the Wyoming or United States Constitutions?
The State of Wyoming generally rephrases the issue as:
Res judicata bars the relitigation of claims raised and decided in previous criminal proceedings. It also bars litigation of issues that could have been determined in a prior proceeding. The district court determined that res judicata barred Goetzel's petition for post-conviction relief because he could have raised his underlying claims earlier. Did the district court err?
FACTS
[¶3] This Court previously summarized the relevant background facts as follows:
While being booked on various charges at the Goshen County Detention Center, Appellant hit the officer in charge, who fell to the floor. Appellant then kicked him in the head, causing severe injuries to the officer. Appellant used the officer's radio to ask for the door to be unlocked. The door was opened, and he fled from the facility, taking the radio with him. He was apprehended six days later in Nebraska. Following his arrest, Appellant was charged with felony interference with a peace officer, felony escape, and felony larceny. About six weeks later, in a separate docket, Appellant was charged with the additional crimes for which he had originally been arrested. Those crimes included possession of a controlled substance, felony larceny, two counts of burglary, and four counts of forgery. Pursuant to a plea agreement, the State dismissed several of the charges and Appellant pled guilty to burglary, forgery, felony larceny, felony escape, and felony interference with a peace officer.
Goetzel v. State , 2017 WY 141, ¶ 3, 406 P.3d 310, 311 (Wyo. 2017) ( Goetzel I ). The district court sentenced Goetzel to concurrent sentences of four-to-seven years of incarceration for burglary and forgery. It also sentenced him to five-to-eight years of incarceration for larceny and nine-to-ten years for escape, to be served concurrently with each other but consecutively to the sentences for burglary and forgery. Finally, the court sentenced Goetzel to nine-to-ten years of incarceration for interference with a peace officer, to be served consecutively to his sentences for larceny and escape. Goetzel did not appeal his judgment and sentence. Id.
[¶4] In July 2012, Goetzel filed a Motion For Sentence Reduction , which was denied on its merits. In August 2015, Goetzel filed a pro se Motion For Sentance [sic] Modification , in which he sought to serve his sentences for interference with a peace officer and escape concurrently. This motion also was denied on the grounds that it was not timely filed. Goetzel did not present a double jeopardy claim in any of these motions, nor did he appeal any of these district court orders denying the motions.
*867 [¶5] In May 2016, Goetzel filed his Motion To Correct An Illegal Sentence , challenging his sentences for interference with a peace officer and escape on double jeopardy grounds. He argued that his sentences constituted multiple punishments for the same offense, namely conduct that he characterizes as "one violent escape from county jail." The district court denied Goetzel's 2016 motion to correct an illegal sentence on its merits, concluding that Wyo. Stat. Ann. § 6-5-204(b) (interference with a peace officer) and Wyo. Stat. Ann. § 6-5-207 (escape) each contain an element that the other does not. Thus, under the Blockburger ("same elements") test, Goetzel's convictions and sentences did not violate the protection against double jeopardy. See Blockburger v. United States , 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) ; Sweets v. State , 2013 WY 98, 307 P.3d 860 (Wyo. 2013). Goetzel appealed.
[¶6] In Goetzel I , this Court determined that the doctrine of res judicata barred Goetzel's double jeopardy claim, opining:
Our precedent is clear that the principle of res judicata may be applied to claims brought pursuant to W.R.Cr.P. 35(a). See, e.g., Hamill v. State , 948 P.2d 1356, 1358-59 (Wyo. 1997). In Hamill , we rejected the appellant's argument that, because Rule 35 states that a motion to correct an illegal sentence may be brought at any time, it is not subject to bar under the doctrine of res judicata. Id.
Gould v. State , 2006 WY 157, ¶ 14, 151 P.3d 261, 266 (Wyo. 2006). Res judicata bars issues that were previously raised and considered, and also issues that "could have been raised in an earlier proceeding" but were not. Id. , ¶ 15, 151 P.3d at 266 (emphasis omitted).
Appellant raised his double jeopardy claim for the first time in his 2016 motion to correct an illegal sentence. He could have raised his double jeopardy claim in 2011 in a direct appeal from the district court's judgment and sentence. He could have raised the claim when he filed his motion for sentence reduction in 2012. However, he stated in this motion that he did "not question any of the substantive or procedural underpinnings of his original sentence." Appellant could have raised his double jeopardy claim in 2015 when he filed his motion for sentence modification.
Appellant suggests two reasons we should not apply res judicata in his case. First, he points out that the State did not argue before the district court that res judicata barred his claim. He asserts that res judicata "may be waived." He cites no legal authority to support this assertion. To the contrary, "[w]e have routinely disposed of claims on res judicata grounds without regard to whether the issue was raised before the district court." Ferguson v. State , 2013 WY 117, ¶ 11, 309 P.3d 831, 834 (Wyo. 2013) (citing Kurtenbach v. State , 2013 WY 80, 304 P.3d 939 (Wyo. 2013) ); see also Lunden v. State , 2013 WY 35, 297 P.3d 121 (Wyo. 2013).
Second, Appellant contends that trial courts have the "power to hear post-conviction relief motions" if a defendant makes "a showing of cause ... sufficient to avoid the waiver rule." We have previously recognized that res judicata may not bar a claim if there is a showing of good cause for failing to raise the claim in prior proceedings. See Bird [v. State , 2015 WY 108], ¶ 10, 356 P.3d [264] 267 [ (Wyo. 2015) ]. In this appeal, however, Appellant has failed to present any facts or circumstances demonstrating good cause for not raising his double jeopardy claim in earlier proceedings. We find both of Appellant's contentions unconvincing, and conclude that his claim is barred by res judicata.
Goetzel I , ¶¶ 7-10, 406 P.3d at 311-12 (emphasis added and footnote omitted).
[¶7] Thereafter, in March 2018, Goetzel filed a Petition for Writ of Certiorari , effectively seeking to appeal, again, regarding the denial of his motion to correct an illegal sentence, this time on the grounds that his appellate counsel was ineffective. This Court denied Goetzel's request, explaining that, although the district court had appointed counsel for Goetzel in his appeal of the denial of his motion to correct an illegal sentence, he actually had no constitutional right to counsel in that appeal and, thus, could not be deprived *868 of effective assistance of counsel. Goetzel v. State , S-18-0066, Order Denying Pet. for Writ of Cert. , at 1 (March 27, 2018) (citing Hawes v. State , 2016 WY 30, ¶ 21, 368 P.3d 879, 886 (Wyo. 2016) ).
[¶8] Two months later, Goetzel filed his current Petition for Post-Conviction Relief Under the "Post-Conviction Determination of Factual Innocence Act." Goetzel claimed to file his Petition under both the Post-Conviction Determination of Factual Innocence Act, Wyo. Stat. Ann. §§ 7-12-401 through -407, and Wyoming's post-conviction relief statutes, §§ 7-14-101 through -108, as amended in 2018. See 2018 Wyo. Sess. Laws Ch. 77, § 2. Therein, Goetzel argued, again, that his sentences for interference with a peace officer and escape violated the double jeopardy provisions of the United States Constitution and the Wyoming Constitution. He also asserted that his trial counsel was ineffective for foregoing an appeal. The district court denied Goetzel's petition on three grounds: first, the Petition did not comply with the statutory requirements for a petition filed under the Factual Innocence Act, see Wyo. Stat. Ann. § 7-12-403(b) ;[1] second, Goetzel's claims were barred by res judicata ; and, third, his petition did not present a valid contention supported by cogent argument. This appeal followed.[2]
STANDARD OF REVIEW
[¶9] Whether Goetzel's claims are barred by the doctrine of res judicata is a question of law that this Court reviews de novo. See Nicodemus v. State , 2017 WY 34, ¶ 9, 392 P.3d 408, 411 (Wyo. 2017) ; Poignee v. State , 2016 WY 42, ¶ 12, 369 P.3d 516, 518 (Wyo. 2016) ; Bird v. State , 2015 WY 108, ¶ 9, 356 P.3d 264, 267 (Wyo. 2015) (citing Ferguson v. State , 2013 WY 117, ¶ 8, 309 P.3d 831, 833 (Wyo. 2013) ).
DISCUSSION
[¶10] Although Goetzel urges this Court to reach his underlying double jeopardy claims, as before, this Court declines to do so on the grounds that Goetzel's claims on appeal are barred by the doctrine of res judicata and Goetzel has presented no good cause to circumvent that conclusion.
[¶11] Res judicata bars litigation of issues that were or could have been determined in a prior proceeding. See Nicodemus , ¶ 11, 392 P.3d at 411. The "doctrine of res judicata is a rule of universal law pervading every well-regulated system of jurisprudence. The doctrine arises through public policy and necessity, it being in the interest of the state that there should be an end to litigation." Poignee , ¶ 12, 369 P.3d at 518 (quoting Rubeling v. Rubeling , 406 P.2d 283, 284 (Wyo. 1965) (citing 50 C.J.S. Judgments § 592 (2015) ) ).
[¶12] In his current petition for post-conviction relief, Goetzel challenges the same convictions and sentences he challenged in his 2016 motion to correct an illegal sentence, and on the same grounds - double jeopardy. In Goetzel's previous appeal from the denial of his motion to correct an illegal sentence, *869 this Court previously concluded that, because Goetzel could have raised his double jeopardy claims in a direct appeal from the district court's judgment and sentence; could have raised the claim when he filed his motion for sentence reduction in 2012; and could have raised his double jeopardy claim in 2015, when he filed his motion for sentence modification, res judicata precluded him from raising those issues therein. See Goetzel I , ¶¶ 6-10, 406 P.3d at 311-12. The same rationale continues to apply to these proceedings.
[¶13] However, an appellant may be able to overcome the application of the doctrine of res judicata where he can show "good cause" why the issue was not raised earlier. See DeMillard v. State , 2014 WY 105, ¶ 10, 332 P.3d 534, 537 (Wyo. 2014). Relying on that potential exception, Goetzel asserts, first, that res judicata should not apply because he has filed his new post-conviction petition, and this appeal, under new and/or newly amended Wyoming Statutes, most particularly the Post-Conviction Determination of Factual Innocence Act, Wyo. Stat. Ann. §§ 7-12-401 et seq. and Wyo. Stat. Ann. §§ 7-14-101 et seq. , as amended in 2018. Goetzel cites no authority for this assertion and, on those grounds alone, this Court rejects it. See Bruckner v. State , 2018 WY 51, ¶ 17, 417 P.3d 178, 182 (Wyo. 2018).
[¶14] Further, it is well established that there are procedural limitations in post-conviction relief filings:
(a) A claim under this act is procedurally barred and no court has jurisdiction to decide the claim if the claim:
(i) Could have been raised but was not raised in a direct appeal from the proceeding which resulted in the petitioner's conviction;
(ii) Was not raised in the original or an amendment to the original petition under this act; or
(iii) Was decided on its merits or on procedural grounds in any previous proceeding which has become final.
Wyo. Stat. Ann. § 7-14-103. As such, issues that could have been presented on direct appeal are foreclosed from challenge by and through petitions for post-conviction relief due to the application of the doctrine of res judicata . See Cutbirth v. State , 751 P.2d 1257, 1261 (Wyo. 1988) ; see also Nixon v. State , 2002 WY 118, ¶ 16, 51 P.3d 851, 855 (Wyo. 2002).
[¶15] Finally, nothing in any of the statutory provisions relied upon by Goetzel provides grounds to conclude that res judicata would not apply to substantive claims raised in the context of newly adopted/amended statutes where those same claims could have been raised under prior statutes and prior proceedings. Indeed, this Court has rejected an analogous claim before. See Deloge v. State , 2012 WY 128, ¶¶ 11-12, 289 P.3d 776, 778-80 (Wyo. 2012) (rejecting claim that res judicata should not apply due to statutory changes and stating, "[t]he fact that Wyo. Stat. Ann. § 6-2-306 was amended in 2007, and now provides that an enhanced sentence may only be imposed when the defendant has a previous conviction for a similar offense, does not change the nature of Appellant's claim"). Thus, Goetzel's assertion that the doctrine of res judicata should not apply to this appeal in light of the "new" procedural vehicle that he now has chosen to present his issues to this Court is unpersuasive.
[¶16] As his second contention, Goetzel asserts that res judicata should not apply because he received ineffective assistance of trial counsel and appellate counsel. With respect to his ineffective assistance of trial counsel claims, Goetzel could have raised those concerns on direct appeal. "[G]enerally a petitioner cannot raise the issue of ineffective assistance of his trial counsel for the first time in a petition for post-conviction relief because that issue could have been raised in the direct appeal and is therefore foreclosed by the doctrine of res judicata." Keats v. State , 2005 WY 81, ¶ 12, 115 P.3d 1110, 1116 (Wyo. 2005) (internal citations omitted). With respect to his claims of ineffective assistance of appellate counsel, this Court already foreclosed that line of argument in its opinion rendered in its Order Denying Petition for Writ of Certiorari , wherein this Court explained:
Petitioner claims his appointed appellate attorney was ineffective in the appeal from that order. See *870 Goetzel v. State , 2017 WY 141, 406 P.3d 310 (Wyo. 2017). Although the district court appointed counsel for Petitioner in that appeal, Petitioner had no constitutional right to counsel in that appeal. Hawes v. State , 2016 WY 30, ¶ 21, 368 P.3d 879, 886 (Wyo. 2016) ("A motion to correct an illegal sentence is not a critical stage of a criminal case and, accordingly, there is no requirement that counsel be appointed to represent a defendant on such a motion."). Because Petitioner had no right to counsel regarding his motion to correct illegal sentence, he had no right to effective assistance of counsel. Wainwright v. Torna , 455 U.S. 586, 587-88, 102 S.Ct. 1300, 1301, 71 L.Ed.2d 475 (1982) ("Since respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the application timely.").
Goetzel v. State , S-18-0066, Order Denying Pet. for Writ of Cert. , at 1 (Mar. 27, 2018). Accordingly, Goetzel's claims of ineffective assistance of (trial and appellate) counsel do not constitute good cause to overcome application of the doctrine of res judicata .
[¶17] Third, and finally, Goetzel asserts that res judicata should be inapplicable because his earlier motions for a sentence reduction and a sentence modification were not recognized, at that time, as proper procedural vehicles for the assertion of double jeopardy claims.[3] See Tucker v. State , 2015 WY 65, ¶ 7 n.1, 349 P.3d 987, 988 n.1 (Wyo. 2015) (referencing Mebane v. State, 2014 WY 72, 326 P.3d 928 (Wyo. 2014) ).
[¶18] This Court since has clarified that double jeopardy issues can be addressed under Wyoming Rule of Criminal Procedure 35, including motions to correct an illegal sentence and motions for sentence reduction. See Mebane v. State, 2014 WY 72, 326 P.3d 928 (Wyo. 2014) ; Beck v. State , 2005 WY 56, ¶ 10, 110 P.3d 898, 901 (Wyo. 2005) (concluding that a defendant was precluded from raising double jeopardy claims because he did "not challenge his sentence or the denial of his motion for sentence reduction, in which he asserted double jeopardy, and he cannot do so now"). This rule, which was recognized in Goetzel I , has carried forward to other criminal cases, with similar results:
This case is similar to Goetzel . In Goetzel , the defendant was sentenced to consecutive sentences for felony interference with a peace officer and felony escape, and he did not appeal his 2011 conviction and sentence. Goetzel , ¶ 3, 406 P.3d at 311. In 2012, Goetzel filed a motion for sentence reduction, which was denied, followed in 2015 by a motion for sentence modification, which was also denied. Id. ¶ 4, 406 P.3d at 311. In 2016, Goetzel filed a Rule 35(a) motion in which he, for the first time, raised a double jeopardy claim. Id. ¶ 5, 406 P.3d at 311. We held that Goetzel's double jeopardy claim was barred by res judicata because it was not raised in a direct appeal or in any of Goetzel's prior motions. Id. ¶ 10, 406 P.3d at 312. We observed:
Appellant raised his double jeopardy claim for the first time in his 2016 motion to correct an illegal sentence. He could have raised his double jeopardy claim in 2011 in a direct appeal from the district court's judgment and sentence. He could have raised the claim when he filed his motion for sentence reduction in 2012. However, he stated in this motion that he did "not question any of the substantive or procedural underpinnings of his original sentence." Appellant could have raised his double jeopardy claim in 2015 when he filed his motion for sentence modification.
Goetzel , ¶ 8, 406 P.3d at 311.
The same is true in this case. Mr. Hicks could have raised his double jeopardy claim in a direct appeal or in one of his four motions requesting a reduction in his sentence, but he did not. The first time Mr. Hicks asserted a double jeopardy claim was in his 2017 Rule 35(a) motion.
Hicks v. State , 2018 WY 15, ¶¶ 13-14, 409 P.3d 1256, 1259 (Wyo. 2018).
[¶19] Importantly, Goetzel never asserted, in his previous appeal from his motion to *871 correct an illegal sentence or in any of his previous motions, that he somehow was precluded from raising double jeopardy issues.[4] This doctrine has been established in Wyoming under these circumstances since 2005, if not before. The results are clear. Despite the legal and procedural ability to do so, Goetzel did not present any issue of double jeopardy in any direct appeal from his conviction; in his 2012 motion for sentence reduction; or in his 2015 motion or sentence modification. He has presented this Court with no argument that he was prevented from doing so.[5] Where, as here, a defendant could have raised an issue, such as double jeopardy, but did not do so, the doctrine of res judicata soundly applies. Goetzel has not presented this Court with good cause to avoid an application of the doctrine of res judicata under the facts of this case. His claims are appropriately barred.
CONCLUSION
[¶20] In this appeal, Goetzel has failed to present any facts or circumstances demonstrating good cause for not raising his double jeopardy claim in earlier proceedings. This Court concludes that his claims remain barred by the doctrine of res judicata. Affirmed.

The district court actually cited to Wyo. Stat. Ann. § 7-14-403(b) but, as there was no such statute in existence, likely intended to cite to Wyo. Stat. Ann. § 7-12-403(b), which provides:
(b) The petition shall contain an assertion of factual innocence under oath by the petitioner and shall aver, with supporting affidavits or other credible documents, that:
(i) Newly discovered evidence exists that, if credible, establishes a bona fide issue of factual innocence;
(ii) The specific evidence identified by the petitioner establishes innocence and is material to the case and the determination of factual innocence;
(iii) The material evidence identified by the petitioner is not merely cumulative of evidence that was known, is not reliant solely upon recantation of testimony by a witness against the petitioner and is not merely impeachment evidence;
(iv) When viewed with all other evidence in the case, whether admitted during trial or not, the newly discovered evidence demonstrates that the petitioner is factually innocent; and
(v) Newly discovered evidence claimed in the petition is distinguishable from any claims made in prior petitions.
Wyo. Stat. Ann. § 7-12-403(b) (Supp. 2018).

Notably, in this appeal, Goetzel challenges only the district court's application of the doctrine of res judicata . He does not challenge on appeal the district court's other two independent grounds for denying his Petition for Post-Conviction Relief under the "Post-Conviction Determination of Factual Innocence Act ."

Neither Goetzel's motion for sentence reduction, nor his motion for sentence modification, raised double jeopardy issues. He did, however, raise double jeopardy as grounds for his motion to correct an illegal sentence, which was the subject of his previous appeal to this Court.

Instead, Goetzel expressly stated that he did not question "any of the substantive or procedural underpinnings of his original sentence."

This Court recognizes that there may be occasions where a criminal defendant fails to raise double jeopardy issues in a motion for sentence reduction, brought under W.R.Cr.P. 35(b), within the one-year time limit, which may be brought in a later motion to correct an illegal sentence under W.R.Cr.P. 35(a), with its indefinite time limit. This Court is not called upon at this time to address whether the "good cause" exception to the doctrine of res judicata may apply under those circumstances.