# IN THE SUPREME COURT, STATE OF WYOMING

## 2013 WY 117

APRIL TERM, A.D. 2013

September 30, 2013

JOEL RANDY FERGUSON,

Appellant
(Defendant),

v.

No. S-12-0278

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Laramie County*
*The Honorable Thomas T.C. Campbell, Judge*

*Representing Appellant:*
> Office of the State Public Defender: Diane M. Lozano, State Public Defender; Patricia L. Bennett, Assistant Public Defender. Argument by Ms. Bennett.

*Representing Appellee:*
> Gregory A. Phillips, Attorney General; David L. Delicath, Deputy Attorney General; Jeffrey S. Pope, Assistant Attorney General; Jennifer E. Zissou, Assistant Attorney General. Argument by Ms. Zissou.

*Before KITE, C.J., and HILL, VOIGT, BURKE, and DAVIS, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**BURKE, Justice.**

[¶1]    Appellant, Joel Randy Ferguson, challenges the district court's order granting, in part, and denying, in part, his motion to correct an illegal sentence.  We conclude that Appellant's claims are barred by the doctrine of *res judicata*, and we affirm.

## *ISSUES*

[¶2]    Appellant presents the following issues:

> 1. Whether the district court imposed an illegal sentence in violation of Mr. Ferguson's rights to due process of law.
>
> 2. Whether the district court imposed an illegal sentence in violation of Mr. Ferguson's rights to be protected from double jeopardy.

The State raises an additional issue:

> Does *res judicata* bar Mr. Ferguson's current appeal of the legality of his sentence?

## *FACTS*

[¶3]    In 2005, Appellant was convicted of eleven counts of burglary relating to break-ins at various businesses in Cheyenne.  At his initial arraignment, Appellant peremptorily disqualified District Judge Nicholas G. Kalokathis under W.R.Cr.P. 21.1(a), and the case was assigned to District Judge Peter G. Arnold.  After presiding over the trial, Judge Arnold recused himself from the sentencing proceedings in order to avoid the potential perception of bias resulting from his former attorney-client relationship with several of the victims.  Judge Arnold assigned the case to Judge Kalokathis for sentencing.  Judge Kalokathis proceeded to sentence Appellant to consecutive terms of 4 to 8 years for each of the convictions, for a total of 44 to 88 years.  Perhaps as a result of the fact that the earlier motion to disqualify Judge Kalokathis was not reduced to writing, neither party realized, at the time, that the assignment to Judge Kalokathis was prohibited by the peremptory disqualification.

[¶4]    Approximately one month after sentencing Appellant, Judge Kalokathis recognized that he had previously been disqualified.  Judge Kalokathis vacated Appellant's sentence and assigned the case to District Judge Edward L. Grant for resentencing.  Before the resentencing hearing, Appellant filed a motion for a new trial alleging that Judge Arnold's decision to recuse himself prior to sentencing indicated that Appellant had been deprived of a fair trial.

1

[¶5]	After holding a separate sentencing hearing, Judge Grant sentenced Appellant to consecutive terms of 8 to 10 years for Count I, 7 to 10 years for Count II, 5 to 7 years for Count III, and 4 to 6 years for Counts IV-XI, for a total of 52 to 75 years.  Judge Grant explained that the sentences for Counts I through III reflected the severity of the impact of the crimes on the respective victims.  At that hearing, Judge Grant also denied Appellant's motion for a new trial, noting that it was untimely and that "even if it were not, it would be denied on its merits."

[¶6]	After Judge Grant entered the new judgment and sentence, Appellant challenged the convictions in a direct appeal, claiming that (1) the district court had erred in denying his motion for a judgment of acquittal, and (2) the court had erred in admitting evidence of uncharged misconduct.  We affirmed Appellant's convictions in *Ferguson v. State*, 2007 WY 157, 168 P.3d 476 (Wyo. 2007).  As is evident from that opinion, Appellant did not raise any issue with respect to his resentencing.

[¶7]	Following our decision affirming the convictions, Appellant asserted a number of collateral challenges to his sentence.  In 2007, he filed a Motion for Sentence Reduction, which the district court denied.  In 2010, Appellant filed a Petition for Post-Conviction Relief, asserting eight claims relating to ineffective assistance of appellate counsel.  That motion was also denied.  Finally, in August, 2012, Appellant filed the Motion to Correct Illegal Sentence at issue in this appeal.  He asserted that Judge Grant improperly increased the original sentence in violation of his constitutional right to due process of law.  He also contended that the order of restitution should be vacated because restitution was not included in the oral pronouncement of the sentence.  The district court agreed that the order of restitution was illegal and vacated that order.[1]  The court denied Appellant's due process claim.  This timely appeal followed.

### STANDARD OF REVIEW

[¶8]	We apply the following standard of review to a district court's decision to deny a motion to correct an illegal sentence:

> This Court reviews a trial court's denial of a motion to correct an illegal sentence by using an abuse of discretion standard.  However, this discretion is limited to a determination by the trial court as to whether the sentence was legal or illegal. . . . An illegal sentence is one which

---

[1] The district court's order vacating that part of Appellant's sentence requiring payment of restitution is not at issue in this appeal.

exceeds statutory limits, imposes multiple terms of imprisonment for the same offense, or otherwise violates constitutions or the law. Whether a sentence is illegal is determined by referencing the applicable statute or constitutional provisions, and is subject to statutory interpretation. The determination of whether the appropriate rule was applied to a set of facts is a question of law, requiring *de novo* review.

*Baker v. State*, 2011 WY 123, ¶ 10, 260 P.3d 268, 271 (Wyo. 2011) (quoting *McDaniel v. State*, 2007 WY 125, ¶¶ 6-7, 163 P.3d 836, 838 (Wyo. 2007) (internal citations and punctuation omitted)). Whether a claim is barred by *res judicata* is also a question of law, reviewed *de novo*. *Moore v. State*, 2009 WY 108, ¶ 20, 215 P.3d 271, 276 (Wyo. 2009).

## DISCUSSION

[¶9] Appellant contends that the sentence violates his constitutional due process and double jeopardy protections. In his due process claim, Appellant contends he did not receive due process because his sentence was motivated by vindictiveness. He claims that the increase in the minimum term of his sentence from the original sentence was not warranted by any identifiable conduct on his part, and that the "only explanation for this increase . . . is vindictive sentencing." With respect to his double jeopardy claim, Appellant contends that because he had an expectation of finality in his original sentence "until he himself contested it," the increased sentence violates double jeopardy protections against multiple punishments for the same offense.

[¶10] The State responds that Appellant's claims are barred by *res judicata* because they could have been raised six years ago in his direct appeal. The State also claims that because Appellant's original sentence was entered without jurisdiction, making that sentence "utterly void and of no effect," his sentence could not have constituted an "increase" with respect to the original sentence. The State further contends that Appellant had no expectation of finality in his sentence, precluding his double jeopardy claim, because Appellant initiated an appeal from his convictions.

[¶11] The doctrine of *res judicata* bars litigation of issues that were or could have been determined in a prior proceeding. *Dax v. State*, 2012 WY 40, ¶ 9, 272 P.3d 319, 321 (Wyo. 2012). This Court has long held that motions to correct illegal sentences are subject to the principles of *res judicata*. *Kurtenbach v. State*, 2013 WY 80, ¶ 6, 304 P.3d 939, 940 (Wyo. 2013). If a party fails to show good cause why an issue was not raised at an earlier opportunity, the Court may decline to consider the issue. *Hamill v. State*, 948 P.2d 1356, 1358 (Wyo. 1997). We have routinely disposed of claims on *res judicata* grounds without regard to whether the issue was raised before the district court. *See, e.g.*,

*Kurtenbach*, 304 P.3d 939; *Lunden v. State*, 2013 WY 35, 297 P.3d 121 (Wyo. 2013); *Dax*, 272 P.3d 319.

[¶12] In his reply brief to this Court, Appellant asserts, for the first time, that his due process and double jeopardy claims were overlooked in his direct appeal due to ineffective assistance of counsel. He contends that the alleged ineffectiveness constitutes "good cause" which excuses the failure to raise the issue earlier. Appellant has provided no authority to support the assertion that ineffective assistance of counsel may constitute "good cause" for failure to raise an issue in an earlier proceeding. We note that we have previously held that "Failing to recognize the factual or legal basis for a claim or failing to raise a claim despite recognizing it does not constitute good cause for not bringing an issue to the court's attention." *Winstead v. State*, 2011 WY 137, ¶ 12, 261 P.3d 743, 746 (Wyo. 2011) (*overruled in part on unrelated grounds by Sweets v. State*, 2013 WY 98, ¶ 2 n.1, 307 P.3d 860, 863 n.1 (Wyo. 2013)). Nonetheless, even if we were to hold that good cause for failure to raise an issue in an earlier proceeding could be established by a showing of ineffective assistance of counsel, we would be unable to find that Appellant has satisfied his burden.

[¶13] In order to demonstrate ineffective assistance of counsel, Appellant must show that (1) counsel's performance was deficient, and that (2) counsel's deficient performance prejudiced the defense. *Gleason v. State,* 2002 WY 161, ¶ 44, 57 P.3d 332, 346-47 (Wyo. 2002). The failure to make the required showing of either deficient performance or prejudice will result in a finding that counsel was not ineffective. *Osborne v. State*, 2012 WY 123, ¶ 19, 285 P.3d 248, 252 (Wyo. 2012). As discussed below, because neither of Appellant's claims would prevail, we find no grounds to conclude that his counsel's decision not to raise those claims constitutes deficient performance.

[¶14] We examined due process and double jeopardy protections as they relate to resentencing in *Simonds v. State*, 799 P.2d 1210, 1213 (Wyo. 1990). In that case, the defendant had been sentenced to concurrent terms of imprisonment following his convictions for aggravated burglary and interference with a peace officer. However, the defendant successfully challenged his aggravated burglary conviction on appeal, and we remanded to the district court solely for resentencing on the lesser-included offense of simple burglary. *Id.*, 799 P.2d at 1211. After remand, the trial court reduced the sentence originally imposed for interference with a peace officer, but ordered that sentence to be served consecutively with the sentence imposed for the defendant's simple burglary conviction. *Id.* In the appeal from that decision, the defendant contended the district court violated his right against double jeopardy by ordering his sentence for interference with a peace officer to run consecutive to his burglary sentence. *Id.*, 799 P.2d at 1212. We ultimately rejected the defendant's double jeopardy claim, but held that absent "an acceptable rationale for the change, and factual data supporting that reasoning, affirmatively appear[ing] on the resentencing record," the imposition of a heavier sentence on remand violated the defendant's right to due process. *Id.*, 799 P.2d at 1216.

4

In doing so, we relied on the United States Supreme Court's decision in *North Carolina v. Pearce*, 395 U.S. 711, 726, 89 S.Ct. 2072, 2081, 23 L.Ed.2d 656 (1969), *overruled in part by Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989):

> The Court . . . indicated that the imposition of a heavier sentence upon reconviction, to the extent that it may have been motivated by vindictiveness for the defendant's successful exercise of his right to appeal, does implicate due process concerns. The Court observed that the threat of being penalized for the exercise of constitutional rights would deter defendants from attacking their convictions and, thus, unconstitutionally impede their open and equal access to the courts. Accordingly, the Court held:
>
>> "In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal."

*Simonds*, 799 P.2d at 1212-13 (emphasis omitted).[2]

[¶15] Relying on *Simonds*, Appellant claims his due process rights were violated because there is no information in the record relating to conduct occurring after the original sentencing proceeding that would justify an increased sentence. The facts of the present case, however, are distinguishable from *Simonds*. In this case, Appellant was

---

[2] In *Alabama v. Smith*, 490 U.S. at 803, 109 S.Ct. at 2207, the Supreme Court distinguished the situation in which a defendant receives an increased sentence after trial relative to a sentence imposed after a prior guilty plea, holding that "there is no basis for a presumption of vindictiveness where a second sentence imposed after a trial is heavier than a first sentence imposed after a guilty plea." The Court noted that "While the *Pearce* opinion appeared on its face to announce a rule of sweeping dimension, our subsequent cases have made clear that its presumption of vindictiveness 'do[es] not apply in every case where a convicted defendant receives a higher sentence on retrial.'" *Id.*, 490 U.S. at 799, 109 S.Ct. at 2204 (quoting *Texas v. McCullough*, 475 U.S. 134, 138, 106 S.Ct. 976, 978, 89 L.Ed.2d 104 (1986)).

resentenced by a *different* judge after the original sentencing judge vacated Appellant's initial sentence. In *Texas v. McCullough*, 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986), the Supreme Court held that *Pearce*'s presumption of vindictiveness does not apply in situations where the defendant is resentenced by a different judge:

> The presumption is also inapplicable because different sentencers assessed the varying sentences that McCullough received. In such circumstances, a sentence "increase" cannot truly be said to have taken place. In *Colten v. Kentucky*, [407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972)] *supra*, which bears directly on this case, we recognized that when different sentencers are involved,
>
> > "[it] may often be that the [second sentencer] will impose a punishment more severe than that received from the [first]. But it no more follows that such a sentence is a vindictive penalty for seeking a [new] trial than that the [first sentencer] imposed a lenient penalty." *Id.*, at 117.
>
> Here, the second sentencer provides an on-the-record, wholly logical, nonvindictive reason for the sentence. We read *Pearce* to require no more, particularly since trial judges must be accorded broad discretion in sentencing, *see Wasman* [*v. United States*, 468 U.S. 559, 563-64, 104 S.Ct. 3217, 3220-21, 82 L.Ed.2d 424 (1984)].

*McCullough*, 475 U.S. at 140, 106 S.Ct. at 979-80. Appellant's due process analysis is entirely devoid of any reference to the fact that he was resentenced by a *different* judge prior to exercising his right to appeal, and he provides no authority supporting a due process claim when the allegedly vindictive sentence is issued by a different judge. Appellant has not demonstrated the existence of a viable claim that his sentence was motivated by vindictiveness.

[¶16] We similarly find no merit in Appellant's claim that his resentencing violated constitutional protections against double jeopardy. In *Simonds*, we held, in accordance with Supreme Court precedent, that resentencing presents a double jeopardy concern only when a defendant has a reasonable expectation of finality in his original sentence:

> In *United States v. DiFrancesco*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980), the Court determined that the prospect of increased punishment upon resentencing raised a double jeopardy problem only to the extent of a

defendant's reasonable expectations that his original sentence had become final. 449 U.S. at 134-39, 101 S.Ct. at 435-38. With respect to those instances where a defendant initiates an appeal, as was the case in *Pearce*, it is evident that such a defendant harbors no justifiable expectation in the finality of the original sentence. In fact, his aim is for the appellate court to remove that finality, to "wipe the slate clean."

*Simonds*, 799 P.2d at 1213. Consistent with *DiFrancesco*, we concluded that "with respect to matters which have not been remanded to the trial court, the appeal is concluded, and judgment and sentence finalized, by the appellate court's mandate." *Simonds*, 799 P.2d at 1214; *see also Moronese v. State*, 2012 WY 34, ¶ 8, 271 P.3d 1011, 1014 (Wyo. 2012). As in *Simonds*, Appellant's actions in this case belie the claim that he had a reasonable expectation in the finality of his sentence. At the original sentencing hearing, Appellant informed the court of his intention to challenge his convictions in a motion for a new trial. Additionally, at the resentencing hearing, Appellant stated that, after receiving his original sentence, he discovered that Judge Kalokathis did not have authority to sentence him. He then contacted his attorney to assist him in challenging that sentence. Appellant's efforts to challenge his original sentence are not consistent with the assertion that he had a reasonable expectation of finality in that sentence. Accordingly, we are unable to find any merit in Appellant's claim that his resentencing violated protections against double jeopardy.

[¶17] Appellant's *ad hoc* assertion of ineffective assistance of counsel, raised in his reply brief, does not constitute good cause for failing to raise his present claims in the direct appeal from his convictions. Accordingly, we conclude that those claims are appropriately barred by the doctrine of *res judicata*. Notwithstanding our reliance on the principles of *res judicata*, however, we also find no merit in Appellant's claim that his sentence violated due process or double jeopardy protections.

[¶18] The district court's order granting, in part, and denying, in part, Appellant's Motion to Correct Illegal Sentence is affirmed.

7