# IN THE SUPREME COURT, STATE OF WYOMING

# 2022 WY 76

APRIL TERM, A.D. 2022

June 16, 2022

CHRISTOPHER DAVID HARRELL,

Appellant
(Defendant),

v.

S-21-0276

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Campbell County*
*The Honorable Stuart S. Healy III, Judge*

*Representing Appellant:*
Christopher David Harrell, pro se.

*Representing Appellee:*
Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Joshua C. Eames, Senior Assistant Attorney General.

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**GRAY, Justice.**

[¶1]   Christopher David Harrell was convicted on three counts of first-degree sexual assault, one count of kidnapping, and one count of aggravated assault and battery.  We affirmed his conviction on appeal.  *Harrell v. State*, 2011 WY 129, ¶ 1, 261 P.3d 235, 236 (Wyo. 2011).  In 2021, Mr. Harrell filed a motion to correct an illegal sentence arguing that his sentence violated double jeopardy.  The district court concluded that Mr. Harrell's claims were barred by res judicata and failed on the merits.  Mr. Harrell appeals the district court's denial of his motion.  We affirm.

*ISSUE*

[¶2]   Did the district court properly conclude that Mr. Harrell's double jeopardy claim was barred by res judicata?

*FACTS*

[¶3]   The facts underlying Mr. Harrell's conviction are set forth in *Harrell*, 261 P. 3d 235 and need not be repeated here.  On appeal, we affirmed Mr. Harrell's convictions and sentences of ten to fifty years on each of three counts of first-degree sexual assault to run consecutively; twenty years to life on one count of kidnapping to run consecutive to the three sexual assault sentences; and eight to ten years on one count of aggravated assault and battery to run concurrent to the first sexual assault sentence.  *Harrell*, ¶¶ 1, 5, 261 P.3d at 236–37.  Mr. Harrell subsequently filed two petitions for post-conviction relief, one in 2012 and the other in 2020.  Both petitions were dismissed by the district court, and we denied his petitions for review on those dismissals.

[¶4]   In 2021, Mr. Harrell filed a motion to correct an illegal sentence claiming his sentence violated double jeopardy because at least one of his first-degree sexual assaults merged with his kidnapping conviction and sentence.  The district court denied his motion finding Mr. Harrell's claims were barred by res judicata and his sentence did not violate double jeopardy.

*DISCUSSION*

**I.     *Mr. Harrell's motion to correct an illegal sentence is barred by res judicata.***

**A.     Standard of Review**

[¶5]   "We review the denial of a motion to correct an illegal sentence for an abuse of discretion." *Best v. State*, 2022 WY 25, ¶ 5, 503 P.3d 641, 643 (Wyo. 2022) (citing *Baker v. State*, 2011 WY 123, ¶ 10, 260 P.3d 268, 271 (Wyo. 2011)); *see also Tucker v. State*, 2015 WY 65, ¶ 9, 349 P.3d 987, 988 (Wyo. 2015).  But "[w]e review whether a sentence

1

is illegal and whether res judicata bars a motion to correct an illegal sentence de novo." *Majhanovich v. State*, 2021 WY 135, ¶ 7, 499 P.3d 995, 997 (Wyo. 2021) (citing *Russell v. State*, 2021 WY 9, ¶ 9, 478 P.3d 1202, 1204 (Wyo. 2021)).

## B. Analysis

[¶6]    As his only issue, Mr. Harrell claims a double jeopardy violation. He contends that Wyo. Stat. Ann. § 6-2-201(d),[1] which sets out the maximum penalty for kidnapping, adds an element to the offense of kidnapping—substantial harm. He submits that his kidnapping conviction merged with his sexual assault conviction because the sexual assault was the substantial harm element of the kidnapping conviction. Mr. Harrell also asserts res judicata does not apply when his appointed attorneys were ineffective in failing to raise double jeopardy in earlier proceedings, and because a W.R.Cr.P. 35 motion to correct can be made at any time. We address Mr. Harrell's res judicata arguments first.

[¶7]    "*Res judicata* bars litigation of issues that were or could have been determined in a prior proceeding." *Goetzel v. State*, 2019 WY 27, ¶ 11, 435 P.3d 865, 868 (Wyo. 2019) (*Goetzel II*) (citing *Nicodemus v. State*, 2017 WY 34, ¶ 11, 392 P.3d 408, 411 (Wyo. 2017)).

[¶8]    Mr. Harrell's argument that res judicata is inapplicable because a W.R.Cr.P. 35 motion to correct can be made at any time is foreclosed by our precedent. In *Goetzel I*, we said:

> W.R.Cr.P. 35(a) allows a court to correct an illegal sentence "at any time." However:
>
> > Our precedent is clear that the principle of *res judicata* may be applied to claims brought pursuant to W.R.Cr.P. 35(a). *See, e.g.*, *Hamill v. State*, 948 P.2d 1356, 1358–59 (Wyo. 1997). In *Hamill*, we rejected the appellant's argument that, because Rule 35 states that a motion to correct an illegal sentence may be brought at any time, it is not subject to bar under the doctrine of *res judicata*. *Id.*

*Goetzel v. State*, 2017 WY 141, ¶ 7, 406 P.3d 310, 311 (Wyo. 2017) (*Goetzel I*) (quoting *Gould v. State*, 2006 WY 157, ¶ 14, 151 P.3d 261, 266 (Wyo. 2006)); *see also*

---

[1] Wyo. Stat. Ann. § 6-2-201(d) provides, "If the defendant does not voluntarily release the victim substantially unharmed and in a safe place prior to trial, kidnapping is a felony punishable by imprisonment for not less than twenty (20) years or for life . . . ." Under Wyo. Stat. Ann. § 6-2-201(c), the penalty is decreased if a defendant releases the victim "substantially unharmed."

*Majhanovich*, ¶ 8, 499 P.3d at 997 ("Motions to correct illegal sentences are subject to res judicata." (citing *Russell*, ¶ 11, 478 P.3d at 1205)). Mr. Harrell's argument that the doctrine of res judicata does not apply to a claim brought under W.R.Cr.P. 35 is without merit.

[¶9]    Next, Mr. Harrell asserts that his attorneys were ineffective in failing to raise his double jeopardy claims in earlier proceedings. He maintains that his attorneys' alleged ineffectiveness excuses his failure to raise the issue earlier. Generally, "[w]e have recognized that application of the *res judicata* bar to a claim is discretionary, and we will not apply the bar if good cause is shown for the defendant's failure to raise his claim in prior proceedings." *Hicks v. State*, 2018 WY 15, ¶ 15, 409 P.3d 1256, 1259 (Wyo. 2018) (citing *Goetzel I*, ¶ 10, 406 P.3d at 312; *Nicodemus*, ¶ 12, 392 P.3d at 411–12). In *Ferguson*, the appellant made an argument nearly identical to the one Mr. Harrell raises here—that ineffective assistance of counsel may constitute "good cause" for failure to raise an issue in an earlier proceeding. *Ferguson v. State*, 2013 WY 117, ¶ 12, 309 P.3d 831, 834 (Wyo. 2013). In *Ferguson*, we said that "Failing to recognize the factual or legal basis for a claim or failing to raise a claim despite recognizing it does not constitute good cause for not bringing an issue to the court's attention." *Id.* ¶ 12, 309 P.3d at 834 (quoting *Winstead v. State*, 2011 WY 137, ¶ 12, 261 P.3d 743, 746 (Wyo. 2011), *overruled in part on unrelated grounds by Sweets v. State*, 2013 WY 98, ¶ 2, 307 P.3d 860, 863 n.1 (Wyo. 2013)).

[¶10]   We then analyzed Mr. Ferguson's ineffective assistance of counsel claim. Finding no deficient performance by Mr. Ferguson's counsel, we said:

> [E]ven if we were to hold that good cause for failure to raise an issue in an earlier proceeding could be established by a showing of ineffective assistance of counsel, we would be unable to find that [Mr. Ferguson] has satisfied his burden.
>
> In order to demonstrate ineffective assistance of counsel, Appellant must show that (1) counsel's performance was deficient, and that (2) counsel's deficient performance prejudiced the defense. *Gleason v. State*, 2002 WY 161, ¶ 44, 57 P.3d 332, 346–47 (Wyo. 2002). The failure to make the required showing of either deficient performance or prejudice will result in a finding that counsel was not ineffective. *Osborne v. State*, 2012 WY 123, ¶ 19, 285 P.3d 248, 252 (Wyo. 2012).

*Ferguson*, ¶¶ 12–13, 309 P.3d at 834. It is axiomatic that to establish ineffective assistance of counsel, Mr. Harrell must first demonstrate error, and so we turn to Mr. Harrell's double jeopardy claim.

3

[¶11]  Mr. Harrell contends that the elements of first-degree sexual assault were included in the "substantially harmed" element of his kidnapping sentence because the sexual assaults were substantial harm, and therefore, he was sentenced twice for the same crime. As a result, he asserts his sentence violates double jeopardy under the Fifth Amendment to the United States Constitution and Article 1, Section 11 of the Wyoming Constitution which both "provide that a person cannot be placed twice in jeopardy of . . . punishment for the same criminal offense." *King v. State*, 2017 WY 129, ¶ 11, 403 P.3d 1070, 1073 (Wyo. 2017).

[¶12]  To determine whether sentences should be merged, we apply the same elements test first articulated in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). *See Sweets*, ¶¶ 49–50, 307 P.3d at 875–76 (adopting the same elements test to determine whether convictions and sentences should merge for purposes of double jeopardy); *Webb v. State*, 2017 WY 108, ¶ 45, 401 P.3d 914, 929 (Wyo. 2017). Double jeopardy is not violated under the same elements test "if each crime 'requires proof of an element that the other does not.'" *Winters v. State*, 2019 WY 76, ¶ 101, 446 P.3d 191, 221 (Wyo. 2019) (quoting *Jones v. State*, 2016 WY 110, ¶ 15, 384 P.3d 260, 264 (Wyo. 2016)).

[¶13]  In applying the same elements test, "we look only to the language used by the legislature to describe the elements which must be proven to bring a particular defendant's specific conduct within the reach of the statute." *Winters*, ¶ 101, 446 P.3d at 221 (quoting *Jones*, ¶ 12, 384 P.3d at 264). The legislature defined the crime of kidnapping as:

> (a)    A person is guilty of kidnapping if he unlawfully removes another from his place of residence or business or from the vicinity where he was at the time of the removal, or if he unlawfully confines another person, with the intent to:
>
> > (i)    Hold for ransom or reward, or as a shield or hostage;
> >
> > (ii)    Facilitate the commission of a felony; or
> >
> > (iii)    Inflict bodily injury on or to terrorize the victim or another.
>
> (b)    A removal or confinement is unlawful if it is accomplished:
>
> > (i)    By force, threat or deception; or
> >
> > (ii)    Without the consent of a parent, guardian or other person responsible for the general supervision of

4

an individual who is under the age of fourteen (14) or who is adjudicated incompetent.

> (c) If the defendant voluntarily **releases the victim substantially unharmed** and in a safe place prior to trial, kidnapping is a felony punishable by imprisonment for not more than twenty (20) years.

> (d) If the defendant **does not voluntarily release the victim substantially unharmed** and in a safe place prior to trial, kidnapping is a felony punishable by imprisonment for not less than twenty (20) years or for life except as provided in W.S. 6-2-101.

Wyo. Stat. Ann. § 6-2-201 (LexisNexis 2021) (emphasis added).

[¶14] The elements of kidnapping are described in Wyo. Stat. Ann. § 6-2-201(a) and (b). *Rathbun v. State*, 2011 WY 116, ¶ 25, 257 P.3d 29, 37–38 (Wyo. 2011). Subsection (c) and (d) do not contain elements. Subsection (c) "describes mitigating conduct subsequent to the kidnapping that may allow for a reduced sentence." *Id.* (citing *Loomer v. State*, 768 P.2d 1042, 1046–47 (Wyo. 1989)). Kidnapping is one crime "for which the maximum sentence is as stated in Subsection (d)." *Id.* ¶ 30, 257 P.3d at 39. Neither subsection (c) or (d) adds or subtracts elements to the offense of kidnapping.

[¶15] The elements of kidnapping are: (1) the defendant unlawfully confines another person, and (2) with the intent to inflict bodily injury on or to terrorize the victim or another. Wyo. Stat. Ann. § 6-2-201(a)(iii). Unlawful confinement is accomplished by force, threat, or deception. Wyo. Stat. Ann. § 6-2-201(b)(i). The elements of first-degree sexual assault are: (1) the defendant inflicts sexual intrusion on a victim; (2) the defendant causes submission of the victim by threat of death or serious bodily injury; and (3) the victim reasonably believes that the defendant had the present ability to execute those threats. Wyo. Stat. Ann. § 6-2-302(a)(ii). Applying the same elements test, first-degree sexual assault and kidnapping each require proof of an element that the other does not. First-degree sexual assault requires sexual intrusion. Kidnapping does not. Kidnapping requires the unlawful confinement of the victim. First-degree sexual assault does not. Mr. Harrell's claim of double jeopardy is without merit.

[¶16] Where there is no error, there is no basis to claim ineffective assistance of counsel. As in *Ferguson*, even if we were to hold that ineffective assistance of counsel establishes good cause for failure to raise an issue in an earlier proceeding, Mr. Harrell has not established good cause here.

## *CONCLUSION*

[¶17]  Mr. Harrell's motion to correct an illegal sentence is barred by res judicata.  Mr. Harrell was not subject to double jeopardy, and his assertion of ineffective assistance of counsel does not establish good cause for failing to raise his present claim on direct appeal. *See Ferguson*, ¶¶ 12–13, 309 P.3d at 834.  Affirmed.