# IN THE SUPREME COURT, STATE OF WYOMING

# 2023 WY 103

OCTOBER TERM, A.D. 2023

October 27, 2023

CARL WILLIAM PETERSON,

Appellant
(Defendant),

v.                                                    S-23-0131

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Campbell County*
*The Honorable Stuart S. Healy, III, Judge*

*Representing Appellant:*
    *Carl William Peterson, pro se.*

*Representing Appellee:*
    *Bridget Hill, Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General; John J. Woykovsky, Senior Assistant Attorney General.*

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Chief Justice.**

[¶1]    Carl William Peterson, appearing pro se, appeals the district court's denial of his motion to correct an illegal sentence. We affirm.

## *ISSUE*

[¶2]    This appeal presents a single issue:

> Did the district court err in ruling that res judicata barred Mr. Peterson's motion to correct an illegal sentence?

## *FACTS*

[¶3]    In 2009, Mr. Peterson was convicted of second-degree sexual abuse of a minor and soliciting a minor to engage in sexual relations. He was sentenced to a prison term of eighteen to twenty years on the sexual abuse conviction and four to five years on the solicitation conviction, to be served consecutively. He appealed, claiming ineffective assistance of counsel, and we affirmed his conviction. *Peterson v. State*, 2012 WY 17, 270 P.3d 648 (Wyo. 2012). A year later, in 2013, he filed a motion for reduction of his sentence, which the district court denied.

[¶4]    In January 2023 Mr. Peterson filed a pro se W.R.Cr.P. 35(a) motion to correct an illegal sentence. He claimed the acts underlying his conviction were one continuous act and his consecutive sentences violated his right against double jeopardy. The district court found Mr. Peterson did not raise his double jeopardy claim in his direct appeal or in his prior motion concerning his sentence, and that he failed to show good cause for not raising the claim in earlier proceedings. The court therefore ruled that res judicata barred Mr. Peterson's Rule 35(a) motion and denied it.

## *STANDARD OF REVIEW*

[¶5]    "We review the denial of a motion to correct an illegal sentence for an abuse of discretion." *Veatch v. State*, 2023 WY 79, ¶ 7, 533 P.3d 505, 507 (Wyo. 2023) (citing *Harrell v. State*, 2022 WY 76, ¶ 5, 511 P.3d 466, 468 (Wyo. 2022)). "We review a district court's decision that a motion to correct an illegal sentence is barred by res judicata de novo." *Cruzen v. State*, 2023 WY 5, ¶ 11, 523 P.3d 301, 304 (Wyo. 2023) (citing *Harrell*, 2022 WY 76, ¶ 5, 511 P.3d at 468).

## *DISCUSSION*

[¶6]    W.R.Cr.P. 35(a) authorizes a court to correct an illegal sentence at any time, but our precedent is clear that such motions are subject to res judicata. *Cruzen*, 2023 WY 5, ¶ 13,

523 P.3d at 304. "Under the doctrine of res judicata, 'it is a longstanding rule that issues which could have been raised in an earlier proceeding are foreclosed from subsequent consideration.'" *Id.* (quoting *Gould v. State*, 2006 WY 157, ¶ 15, 151 P.3d 261, 266 (Wyo. 2006)). "The purposes of the res judicata doctrine are to promote judicial economy and finality, prevent repetitive litigation, prevent inconsistent results, and increase certainty in judgments." *Taulo-Millar v. Hognason*, 2022 WY 8, ¶ 45, 501 P.3d 1274, 1287 (Wyo. 2022) (quoting *McBride-Kramer v. Kramer*, 2019 WY 10, ¶ 23, 433 P.3d 529, 535 (Wyo. 2019)). Application of res judicata is discretionary, and the bar will not apply if a defendant shows good cause for his failure to raise the claim in prior proceedings. *Hicks v. State*, 2018 WY 15, ¶ 15, 409 P.3d 1256, 1259 (Wyo. 2018) (citing *Goetzel v. State*, 2017 WY 141, ¶ 10, 406 P.3d 310, 312 (Wyo. 2017)).

[¶7]    The district court found Mr. Peterson could have raised the legality of his sentence in his direct appeal or in the earlier proceeding concerning his sentence. It further found that Mr. Peterson did not show cause for his failure to challenge the legality of his sentence in the earlier proceedings, "and his failure to raise the issue on direct appeal would indicate he cannot." Mr. Peterson points to no error in this conclusion and argues only that under Rule 35(a), an illegal sentence may be corrected at any time.

[¶8]    As noted above, our precedent is clear that, despite the language of Rule 35(a), a motion to correct an illegal sentence can be subject to res judicata. *Cruzen*, 2023 WY 5, ¶ 13, 523 P.3d at 304. Under these circumstances, where Mr. Peterson took a direct appeal and filed an earlier motion concerning his sentence, and ten years later filed a motion to correct an illegal sentence, the interests of res judicata in finality and avoiding repetitive litigation are served by the bar's application. We find no error in the district court's ruling.

[¶9]    Affirmed.