# IN THE SUPREME COURT, STATE OF WYOMING

# 2025 WY 66

**APRIL TERM, A.D. 2025**

**June 13, 2025**

DAVID P. BERNARD, JR.,

Appellant
(Defendant),

v.                                                                              S-24-0237

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Big Horn County*
*The Honorable Bobbi Dean Overfield, Judge*

*Representing Appellant:*
Office of the State Public Defender: Brandon T. Booth, Wyoming State Public Defender; Kirk A. Morgan, Chief Appellate Counsel. Argument by Mr. Morgan.

*Representing Appellee:*
Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General; Leanne J. Johnston, Assistant Attorney General. Argument by Ms. Johnston.

*Before BOOMGAARDEN, C.J., and FOX,\* GRAY, FENN, and JAROSH, JJ.*

\* Justice Fox retired from judicial office effective May 27, 2025, and, pursuant to Article 5, § 5 of the Wyoming Constitution and Wyo. Stat. Ann. § 5-1-106(f) (2023), she was reassigned to act on this matter on May 28, 2025.

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**GRAY, Justice.**

[¶1]    David P. Bernard, Jr., appeals from the district court's denial of his motion to correct an illegal sentence under W.R.Cr.P. 35(a).  We affirm the denial of the motion on res judicata grounds but remand to the district court for the limited purpose of correcting an inconsistency between the oral and written sentences.

*ISSUE*

[¶2]    Mr. Bernard presents the issue as a question of double jeopardy, asking whether his sentence violates his rights under the double jeopardy clauses of the United States and Wyoming Constitutions.  The dispositive issue, however, is whether res judicata bars Mr. Bernard's claim.

*FACTS*

[¶3]    On December 9, 2021, the Wyoming Division of Criminal Investigation (DCI) received a tip from the National Center for Missing and Exploited Children that an individual had uploaded 85 files of child pornography using Kik, an online chat application.  DCI eventually traced the files to Mr. Bernard.  On February 4, 2022, DCI agents executed a search warrant on Mr. Bernard's home and seized a laptop computer containing 110 video files of child pornography.  Mr. Bernard admitted to the agents that he possessed and distributed child pornography.  He disclosed that he charged $100 for ten files of child pornography and estimated he had made approximately $2,000.

[¶4]    The State charged Mr. Bernard with 20 counts of Sexual Exploitation of a Child under Wyo. Stat. Ann. § 6-4-303(b)(iii) and (iv).

[¶5]    Counts 1–14 related to five files Mr. Bernard uploaded using the Kik application. Counts 1–7 alleged that on October 2, 2021, he possessed those five files with intent to deliver, while Counts 8–14 contended that he received and/or delivered the five files on October 2, 2021, all in violation of Wyo. Stat. Ann. § 6-4-303(b)(iii).[1]  The possession with intent to deliver charges presented in Counts 1–7 were alleged to have occurred simultaneously with the receipt/delivery charges set out in Counts 8–14.  For example,

---

[1] There were five files, but seven counts connected to possession with intent to deliver, because the State maintained that Mr. Bernard possessed with intent to deliver two of the files at different times on the same day.  Counts 1 and 2 were based on a single file (11cdxxx) that Mr. Bernard was alleged to possess with intent to deliver on October 2, 2021, at 4:14 p.m. and then again at 8:24 p.m.  The same is true for Counts 5 and 6.  They arose from a single file (0e01xxx) that the State contended Mr. Bernard possessed with intent to deliver on October 2, 2021, at 1:20 p.m. and again at 1:34 p.m.  Similarly, there were seven counts related to the receipt/delivery of five files because Counts 8 and 9 alleged Mr. Bernard received/delivered one file (11cdxxx) two times on October 2, 2021, once at 4:14 p.m. and again at 8:24 p.m.  Counts 12 and 13 asserted he received/delivered one file (0e01xxx) twice on the same day at 1:20 p.m. and 1:34 p.m.

1

Count 1 alleged Mr. Bernard possessed with intent to distribute a file containing child pornography at 8:24 p.m. on October 2, 2021, and Count 8 alleged he received/delivered that same file at 8:24 p.m. on October 2, 2021. Counts 15–20 pertained to six video files of child pornography found on Mr. Bernard's laptop computer on February 4, 2022, and alleged Mr. Bernard possessed these files in violation of Wyo. Stat. Ann. § 6-4-303(b)(iv).

[¶6]  On December 6, 2022, Mr. Bernard pled guilty to all 20 counts. On September 15, 2023, the district court sentenced Mr. Bernard to 8–12 years in prison on each of counts 1–7 and ordered the sentences to run concurrent with each other. For Counts 8–14, the court sentenced him to 8–12 years imprisonment on each count and ordered the sentences to run concurrent with each other and to the sentences on Counts 1–7. The court sentenced Mr. Bernard to 5–10 years in prison on Counts 15–20 and ordered these sentences to run concurrent with each other but consecutive to the sentences on Counts 8–14. Mr. Bernard did not file a direct appeal.

[¶7]  On April 12, 2024, Mr. Bernard filed a pro se motion to correct an illegal sentence under W.R.Cr.P. 35(a).[2] He claimed that all 20 charges against him arose from the same act of downloading, which occurred on October 2, 2021, even though some of the material was not discovered until February 4, 2022. He maintained the legislature intended only one conviction and one sentence for conduct violating Wyo. Stat. Ann. § 6-4-303, and the imposition of multiple punishments for the same offense violated his constitutional rights under the double jeopardy clauses of the United States and Wyoming Constitutions. *See* U.S. Const. amend. V; Wyo. Const. art. 1, § 11. After a hearing, the district court denied the motion. It reasoned:

> [The Court] believes that the sentence that was entered was appropriate based on the guilty pleas that you entered before the Court.
>
> Understanding maybe there is some different statutory interpretation or intent from the legislature, this Court is inclined to leave that interpretation to the Supreme Court if it goes there. But, based on your Motion at this point in time, it's going to be denied.
>
> There are separate acts based on what information was presented to the Court. Different file names, different times for possession for receiving those and distributing those that are all substantially more set forth in paperwork filed with the

---

[2] Mr. Bernard's motion was labeled "MOTION FOR SENTENCE CORRECTION Pursuant to Rule 35(a), W.R.Cr.P." Both parties agree the motion was a motion to correct an illegal sentence under W.R.Cr.P. 35(a).

Court, the affidavits, and the entries of guilty pleas on each of those individual files that we took at the time of your Change of Plea and then ultimately sentenced you on at the time of your Sentencing.

This appeal followed.

## *DISCUSSION*

[¶8]   Mr. Bernard contends his sentence is illegal because it violates double jeopardy's prohibition on multiple punishments for the same offense. The State argues Mr. Bernard's claim is barred by res judicata because he could have raised his claim in a direct appeal. We agree with the State.

[¶9]   "*Res judicata* bars litigation of issues that were or could have been determined in a prior proceeding." *Goetzel v. State*, 2019 WY 27, ¶ 11, 435 P.3d 865, 868 (Wyo. 2019) (*Goetzel II*) (quoting *Nicodemus v. State*, 2017 WY 34, ¶ 11, 392 P.3d 408, 411 (Wyo. 2017)). *See also Gould v. State*, 2006 WY 157, ¶ 15, 151 P.3d 261, 266 (Wyo. 2006) ("*Res judicata* bars relitigation of issues raised and considered in a prior criminal proceeding. Moreover, '[i]t is a longstanding rule that issues which **could have been raised** in an earlier proceeding are foreclosed from subsequent consideration.'" (quoting *Lacey v. State*, 2003 WY 148, ¶ 11, 79 P.3d 493, 495 (Wyo. 2003))). "The purposes of the res judicata doctrine are to promote judicial economy and finality, prevent repetitive litigation, prevent inconsistent results, and increase certainty in judgments." *Taulo-Millar v. Hognason*, 2022 WY 8, ¶ 45, 501 P.3d 1274, 1287 (Wyo. 2022) (quoting *McBride-Kramer v. Kramer*, 2019 WY 10, ¶ 23, 433 P.3d 529, 535 (Wyo. 2019)). "We have routinely disposed of claims on *res judicata* grounds without regard to whether the issue was raised before the district court." *Ferguson v. State*, 2013 WY 117, ¶ 11, 309 P.3d 831, 834 (Wyo. 2013). "Whether a claim is barred by *res judicata* is . . . a question of law, reviewed *de novo*." *Bird v. State*, 2015 WY 108, ¶ 9, 356 P.3d 264, 267 (Wyo. 2015) (quoting *Ferguson*, ¶ 8, 309 P.3d at 833).

[¶10]  Mr. Bernard raised his double jeopardy claim for the first time in his W.R.Cr.P. 35(a) motion to correct an illegal sentence. He could have raised his claim in a direct appeal and does not present any particulars in support of his good cause argument for not raising his claim in a direct appeal. Res judicata precludes our review of his claim.

[¶11]  Mr. Bernard recognizes the applicability of res judicata but argues we should exercise our discretion to reach the merits of his double jeopardy claim. He offers four reasons.

[¶12]  First, Mr. Bernard argues we must apply res judicata sparingly when reviewing a sentence under W.R.Cr.P. 35(a) or else we will eviscerate the rule's language allowing a

3

court to "correct an illegal sentence at any time" because every sentence "could have" been challenged in the district court or on direct appeal. Mr. Bernard's argument is foreclosed by our precedent. In *Goetzel I*, we held:

> W.R.Cr.P. 35(a) allows a court to correct an illegal sentence "at any time." However:
>
>> Our precedent is clear that the principle of *res judicata* may be applied to claims brought pursuant to W.R.Cr.P. 35(a). *See, e.g.*, *Hamill v. State*, 948 P.2d 1356, 1358–59 (Wyo. 1997). In *Hamill*, we rejected the appellant's argument that, because Rule 35 states that a motion to correct an illegal sentence may be brought at any time, it is not subject to bar under the doctrine of *res judicata*. *Id.*

*Goetzel v. State*, 2017 WY 141, ¶ 7, 406 P.3d 310, 311 (Wyo. 2017) (*Goetzel I*) (quoting *Gould*, ¶ 14, 151 P.3d at 266). *See also Peterson v. State*, 2023 WY 103, ¶ 8, 537 P.3d 749, 751 (Wyo. 2023) ("[O]ur precedent is clear that, despite the language of Rule 35(a), a motion to correct an illegal sentence can be subject to res judicata." (citing *Cruzen v. State*, 2023 WY 5, ¶ 13, 523 P.3d 301, 304 (Wyo. 2023))). As more fully discussed in relation to Mr. Bernard's next argument, we have addressed the contention that res judicata should be applied sparingly by clarifying that its application is discretionary and that the bar will not apply where an appellant has shown good cause for not raising his claim in a prior proceeding.

[¶13] In his second argument, Mr. Bernard asserts that an appellant may overcome the application of res judicata if he can show good cause why the issue was not raised earlier. Mr. Bernard correctly states the law. *See Hicks v. State*, 2018 WY 15, ¶ 15, 409 P.3d 1256, 1259 (Wyo. 2018) ("We have recognized that application of the *res judicata* bar to a claim is discretionary, and we will not apply the bar if good cause is shown for the defendant's failure to raise his claim in prior proceedings." (citing *Goetzel I*, ¶ 10, 406 P.3d at 312; *Nicodemus*, ¶ 12, 392 P.3d at 411–12)); *Ferguson*, ¶ 11, 309 P.3d at 834 ("If a party fails to show good cause why an issue was not raised at an earlier opportunity, the Court may decline to consider the issue." (citing *Hamill v. State*, 948 P.2d 1356, 1358 (Wyo. 1997))). Mr. Bernard fails to present any facts or circumstances demonstrating good cause for not raising his double jeopardy claim in a direct appeal. While he brings forward our precedent suggesting that ineffective assistance of counsel may establish good cause, *see, e.g.*, *Ferguson*, ¶ 12, 309 P.3d at 834, and *Harrell v. State*, 2022 WY 76, ¶ 9, 511 P.3d 466, 468 (Wyo. 2022), Mr. Bernard does not assert his attorney was ineffective for failing to raise his double jeopardy claim in a direct appeal.

4

[¶14] Third, Mr. Bernard points to authority from other jurisdictions which he claims allows review of a sentence's legality, even when the issue was not previously raised. *See, e.g.*, *State v. Prion*, 2012 UT 15, ¶¶ 19–20, 274 P.3d 919, 924–25 (Utah Rule of Criminal Procedure 22(e), which allows a court to correct an illegal sentence "at any time," is an exception to the rule that claims are barred "if they are not presented in time to be resolved in the initial proceedings in the district court."); *Chaney v. State*, 918 A.2d 506, 509 (Md. 2007) ("Maryland Rule 4-345(a) permits a court to 'correct an illegal sentence at any time.' If a sentence is 'illegal' within the meaning of that section of the rule, the defendant may file a motion in the trial court to 'correct' it, notwithstanding that (1) no objection was made when the sentence was imposed, (2) the defendant purported to consent to it, or (3) the sentence was not challenged in a timely-filed direct appeal."). He invites us to implement the approach of these jurisdictions, especially where a sentence is in fact illegal and where neither this Court nor the district court has previously been asked to review the legality of his sentence. We decline this invitation. As stated above, our precedent provides res judicata may be applied to claims brought pursuant to W.R.Cr.P. 35(a). *Goetzel I*, ¶ 7, 406 P.3d at 311; *Peterson*, ¶ 8, 537 P.3d at 751. "Under the doctrine of *stare decisis*, we depart from precedent 'only upon due reflection and only if we are convinced that it is necessary to "vindicate plain, obvious principles of law and remedy continued injustice."'" *Swett v. State*, 2018 WY 144, ¶ 52, 431 P.3d 1135, 1148 (Wyo. 2018) (quoting *McGinn v. State*, 2015 WY 140, ¶ 28, 361 P.3d 295, 301 (Wyo. 2015) (quoting *Borns ex rel. Gannon v. Voss*, 2003 WY 74, ¶ 26, 70 P.3d 262, 271 (Wyo. 2003))). Mr. Bernard has failed to convince us that departure from our precedent is warranted.

[¶15] For his fourth argument, Mr. Bernard maintains res judicata "should not be so strictly construed as to defeat the ends of justice, or to justify any person to have to suffer the pains of an illegal sentence." Mr. Bernard's argument, then, ignores the application of res judicata and assumes his sentence is illegal. He asserts: "[While] a motion to correct an illegal sentence is addressed to the sound discretion of the trial court, '[where] the sentence in fact is illegal, that discretion is limited.'"[3] Because res judicata applies, we do not reach the merits of his double jeopardy claim. Applying res judicata does not "defeat the ends of justice" but promotes judicial economy and finality by encouraging parties to raise their claims at the first opportunity or to show good cause for not raising them earlier.

[¶16] As a final matter, although neither party addresses it and it does not affect the length of Mr. Bernard's sentence, our review of the record revealed a discrepancy between the written sentence and the court's oral sentence. The written sentence states that the sentences on Counts 15–20 will run consecutive to the sentences on Counts 1–14, but the

---

[3] Mr. Bernard cites *Ramirez v. State*, 800 P.2d 503, 504 (Wyo. 1990), in support of his argument. In *Ramirez*, Mr. Ramirez filed a motion to correct an illegal sentence, claiming the sentencing court erred by failing to credit his presentence incarceration against his sentence. *Ramirez*, 800 P.2d at 503–04. The sentencing court denied the motion. *Id.* at 503. The sole issue before us was whether the sentencing court abused its discretion when it refused to correct Mr. Ramirez's sentence. *Id.* We did not address res judicata, nor does the opinion provide any facts suggesting res judicata was applicable.

5

oral sentence directed the sentences on Counts 15–20 to run consecutive to the sentences on Counts <u>8–14</u>. The oral sentence controls. *Palomo v. State*, 2018 WY 42, ¶ 26, 415 P.3d 700, 706 (Wyo. 2018) ("We have long recognized that 'when a discrepancy exists between the oral pronouncement and the written order, the oral pronouncement prevails.'" (quoting *Smith v. State*, 985 P.2d 961, 963 (Wyo. 1999))). We remand to the district court for the limited purpose of correcting the written sentence to conform to the court's oral ruling that the sentences on Counts 15–20 are to run consecutive to the sentences on Counts 8–14. *See Wanberg v. State*, 2020 WY 75, ¶ 28, 466 P.3d 269, 275 (Wyo. 2020) ("If a written sentence does not conform to the oral sentence, this Court must remand the issue for correction." (citing *Lane v. State*, 663 P.2d 175, 176 (Wyo. 1983) (quoting *Fullmer v. Meacham*, 387 P.2d 1007, 1009 (Wyo. 1964)))); *Britton v. State*, 2009 WY 91, ¶ 24, 211 P.3d 514, 519 (Wyo. 2009) (remanding to the district court for the limited purpose of correcting the written judgment because it conflicted with the court's oral ruling).

## *CONCLUSION*

[¶17] Res judicata bars Mr. Bernard's double jeopardy claim. We affirm the district court's denial of Mr. Bernard's W.R.Cr.P. 35(a) motion but remand to the district court for correction of the written sentence.